<div style="text-align:right"><em>Judgment affirmed.</em></div>

---

<div style="text-align:center">

### The State v. Banton.

</div>

Section 3 of the statute of 6 March, 1819, punishing any person "who shall inveigle, steal, or carry away any slave, so that the owner of such slave shall be deprived of the use and benefit of such slave", creates several offences, and a separate indictment for any one of them would be good; but they may all be charged conjunctively in one count. *Per Curiam:* When a statute enumerates several offences connected with the same transaction, or the intent necessary to constitute such offences, disjunctively, they may all be alleged cumulatively in one count, and in that event must be charged with the indictment conjunctively. A *nolle prosequi* may be entered upon one count of an indictment, and a judgment be claimed on the remaining counts, even after a general verdict.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Elmore*, Attorney General, for the State. *R. H. Barker*, for the appellant. The judgment of the court was pronounced by

KING, J.  The indictment in this case is founded on the 3d section of the act of 1819. Acts p. 62.  The first count charges, that the defendant aided a slave in running away from his master; the second, that, he "did inveigle, steal, and carry away a slave named *Joe*, the property of *Phillip Moore*, so that the owner of said slave, the said *Phillip Moore*, was then and there deprived of the use and benefit of his said slave" &c.  The jury found a general verdict of guilty.  After the conviction, the Attorney General entered a *nolle prosequi* on the first count.  Sentence was pronounced on the conviction on the second count, and the accused has appealed.

It is urged: 1st.  That the indictment is defective, because several distinct substantive offences are joined in the same count.  2d.  That the entry of a *nolle prosequi* on the first count after conviction, was equivalent to an abandonment of the entire prosecution, and entitles the prisoner to his discharge.

The statute on which the prosecution is founded declares several offences.  Among the number are, *stealing*, inveigling, and carrying away a slave, so that the owner is deprived of the use of the slave.  There can be no question that, under the statute, a separate indictment for any one of those offences would be good.  1 East. C. L. 402.

The general rule is, as stated by the counsel for the accused, that several distinct offences cannot be included in one count of an indictment; it is subject, however, to numerous exceptions.  The rule appears to be well established in relation to penal statutes that, when the statute enumerates several offences connected with the same transaction, or the intent necessary to constitute such offences, disjunctively, they may all be alleged cumulatively in one count, and in that event must be charged in the indictment conjunctively.  Wharton, Crim. Law, p. 81, 98.  Starkie, Criminal Pleadings, 271.

In the case of *Rex* v. *Middlehurst*, 1 Burr. 399, the words of the statute on which the proceedings was based, were, " assisting in removing *or* concealing."  It was contended that two distinct offences were created, and this appears to have been conceded.  Lord Mansfield said : " Upon indictments it has been so determined that an alternative charge is not good, as " forged *or* caused to be forged", though *one only* need be proved if laid conjunctively, as " forged *and* caused to be forged."

In the case of *The State* v. *Price*, 6 Halstead, p. 203, an indictment charging that the defendant " did burn and cause to be burned" a barn &c., was held to be good, under a statute declaring it criminal " to burn *or* cause to be burned."  Yet two distinct offences are enumerated in the act, and were charged in the indictment.  So an indictment was held good which alleged that the defendant, " *set up* and *kept* a gaming table, and induced others to *bet* at it;" although under the statute on which the indictment was founded, *setting up a gaming table* was an indictable offence, and the keeping of such a table and inducing any person to bet upon it, another."  *Hinkle* v. *Comm.* 4 Dana's R. 518.

Under a statute against "shooting with intent to maim, disfigure, disable, *or* kill," it was held that the act of shooting was properly charged with all the intents in one count.  *Angel* v. *Comm.* 2d Va. Cases, 231.  In that case it was said that " to shoot only with intent to " *disfigure*," is certainly punishable under this statute; so with intent to maim, with intent to disable, and with intent to kill; and if an unlawful shooting with either of the intents is prohibited by the statute, it necessarily follows that an unlawful shooting with all of these intents is likewise prohibited.  The indictment then which charges all these intents must be sufficient under the statute, and it can-

not be demurred to on that account. The authorities in support of the position are numerous." See also 2 Va. Cases, 256. Under the statute declaring it criminal to "falsely make, forge, counterfeit *or* alter," the indictment may charge all the offences in one count—" did falsely make, forge *and* counterfeit." 2 Starkie, Criminal Pleadings, 489.

Starkie, in his work on Criminal Pleading, p. 271, says that: " It is the usual practice to allege offences cumulatively, both at common law and under the description contained in penal statutes ; as, that the defendant published and caused to be published a certain libel ;" that he " forged and caused to be forged" &c.

Under the authorities, which it is needless further to multiply, we think that the charges of "stealing, inveigling, and carrying away," were properly laid in one count.

The second point presented is elaborately examined in the cases of the *Comm.* v. *Tuck*, 20 Pick. 364, and the *Comm.* v. *Briggs*, 7 Pick. p. 177, and the reasoning and authorities upon which they maintain the right of the Attorney General to enter a *nolle prosequi* upon one count of an indictment, and to claim judgment upon the remaining counts, after a general verdict, appear to us conclusive.                                                 *Judgment affirmed.*