State of Louisiana vs. Richards.

---

No. 8304.

THE STATE OF LOUISIANA vs. THOMAS RICHARDS.

An indictment is not bad for duplicity, in charging conjunctively in the same count, both an offense and the intention of committing the same, when the two are denounced disjunctively in the statute. This is not an open question any longer.

APPEAL from the Ninth Judicial District Court, parish of Tensas. *Hough*, J.

---

*J. C. Egan*, Attorney General, for the State, Appellee:

First—It is immaterial whether the exact language of the statute be used or not, so the accused be informed of the exact nature of the charge against him. All unnecessary allegations will be considered as surplusage. Arch. Crim. P. and P., vol. 2, p. 14; Sec. 394; Wharton's Crim. Law; Bishop on Criminal Procedure, vol 1, Sec. 478.

Second—Cumulated charges in a statute may be cumulated in a count of an indictment or information, and if all the cumulated charges be proved, there is but one offense committed. Wharton's Crim. Law, 4th ed., Sec. 390; Bishop on Criminal Procedure, Secs. 434, 435 and 436; Bishop on Statutory Crimes, Sec. 383, p. 254.

Third—An objection to the information for duplicity must be made by special plea, or in a motion to quash; the defect in the information is cured by the verdict. Bishop on Crim. Pro., 2d ed., Sec. 442; Arch. Crim. P. and P., vol. 1, p. 315, note; Wharton's Crim. Law, 4th ed., Secs. 395 and 3043; Voorhies' Crim. Jurisprudence, Sec. 76, p. 389.

*L. V. Reeves* and *Jno. H. Halsey* for Defendant and Appellant.

First—That the information charges no specific offense under our law.

Second—That the information is defective and should be quashed for duplicity and uncertainty, as it contains two or more offenses, if offenses, in one count.

The opinion of the Court was delivered by

TODD, J. The defendant is appellant from a sentence condemning him to six months imprisonment at hard labor in the penitentiary.

The information on which he was tried, charges that the accused " did, with a dangerous weapon, to wit, a knife, and with intent to kill, feloniously assault one Allen Parker, and did inflict wounds less than mayhem upon the person of him, the said Allen Parker."

The section of the Revised Statutes on which this prosecution was instituted (Sec. 794) reads as follows : " Whoever shall with a dangerous weapon, or intent to kill, inflict a wound less than mayhem upon another person, shall, on conviction, be imprisoned not exceeding two years," &c.

The accused was tried by a jury, and, after a verdict of guilty, moved to arrest the judgment on the following grounds :

1. That the information charged no offense provided for by the statute.

2. That, if an offense is charged, there is duplicity in joining two different offenses in the same count of the information.

There is certainly an inconsistency and contradiction in first alleging that no offense is charged and, then, that two distinct offenses are charged in the information.

However that may be, the first ground is not pressed, and a mere glance at the information shows there is no force in it.

The only real question presented, is that contained in the second ground—that of duplicity—and this question has been so frequently adjudicated upon that it is no longer an open one.

The rule on this subject is thus laid down in a decision of this Court: " In penal statutes, when the statute enumerates several offenses connected with the same transaction or the intent necessary to constitute such offense disjunctively, they may be alleged conjunctively in one count ; and in that event must be charged in the indictment conjunctively." State vs. Markham, 15 An. 498; State vs. Fant, 2 An. 837; State vs. Palmer, 32 An. 565; Wharton on Criminal Law, Sec. 390; Bishop on Criminal Procedure, Secs. 434, 435, 436.

The accused is here charged with inflicting a wound less than mayhem with a dangerous weapon—a knife—*and* with intent to kill. The offenses charged, if they can be construed as two offenses, are " connected with the same transaction"—in fact, constitute but one act, and

were properly charged conjunctively in the information. The case falls strictly within the repeated rulings and authorities cited above. Though the offense was not charged in the exact language of the statute, it was substantially so charged, and the slight difference is mere surplusage. The case referred to, State vs. Johns, 32 An. 812, and relied on by defendant's counsel, is not in point. In that case, two offenses created by two different statutes, imposing different penalties, were joined in the same count.

Judgment affirmed.