STATE OF MISSOURI, Appellant, v. G. W. FAIRGRIEVE *et al.*, Respondents.

### Kansas City Court of Appeals, March 19, 1888.

CRIMINAL PRACTICE — INDICTMENT AGAINST DRUGGIST — CASE ADJUDGED.—The statute applicable to this case (Laws, 1883, p. 90) is, that no druggist or pharmacist shall "sell, give away, or otherwise dispose of intoxicating liquors," etc. Whenever a statute is in the disjunctive, as is this one, the act should be charged in the conjunctive, unless they be repugnant. The indictment here charged is in the disjunctive and is bad. (*State v. Pittman*, 76 Mo. 56).

APPEAL from the Randolph Circuit Court, HON. G. H. BURCKHARTT, Judge.

*Affirmed.*

The case is stated in the opinion.

B. G. BOONE, Attorney General, and BEN. T. HARDIN, Prosecuting Attorney, for the appellant.
 I. The indictment in this case is based on section

2, page 90, Laws of 1883, concerning druggists. It is substantially in the language of the statute, and is sufficient. *State v. Smith*, 24 Mo. App. 413; *State v. Hedrick*, 20 Mo. App. 629; *State v. Rohem*, 61 Mo. 82; *State v. James*, 63 Mo. 570; *State v. Goss*, 74 Mo. 593; *State v. Adcock*, 65 Mo. 590; *State v. Mohr*, 68 Mo. 304; *State v. Walker*, 24 Mo. App. 679; *State v. Burr*, 81 Mo. 108; *State v. Anderson*, 81 Mo. 78.

II. The respondents, in the court below, relied more particularly on the second point in their motion to quash, viz: "The said indictment alleges the pretended offence in the alternative, the defendants did one or the other of two things." They relied upon the case of *State v. Fitzsimmons*, 30 Mo. 237, as bearing out the theory, that, where a statute, on which an indictment is founded, enumerates offences disjunctively, the indictment must charge them conjunctively. In case of *State v. Flint*, 62 Mo. 399, the above case is cited, but the Supreme Court add that, "where the contradictory or repugnant expressions do not enter into the substance of the offence, and the indictment will be good without them, they may be rejected as surplusage." The indictment contains the words: "Did unlawfully sell, or give away, and dispose of intoxicating liquors." The words "or give away," are set off by commas, from "sell and dispose of," and are repugnant to the word sell, and could not be connected by "and." *State v. McCollum*, 44 Mo. 343; *State v. Flint*, 62 Mo. 399. The gist of the offence charged was unlawful traffic in liquor, and it informs defendant of what he is charged with, and is sufficient. *State v. Pittman*, 76 Mo. 56; *State v. Bregard*, 76 Mo. 322. It will be seen that the statute (Laws 1879, p. 166, sec. 1), on which the *Pittman case*, 76 Mo. 56, was based, does not contain the words, "dispose of." In this indictment, there are three ways for a druggist to violate the law; sell, give away, or otherwise dispose of. And the words, "or give away," may be rejected as surplusage, and even the word, "sell," and there still remains enough for a good indictment,

and to inform the defendant of the nature of the charge against him. *State v. Nations*, 75 Mo. 53 ; *State v. Findley*, 77 Mo. 338 ; *State v. Hughes*, 82 Mo. 86 ; *State v. Wall*, 39 Mo. 532; *State v. Coulter*, 46 Mo. 565 ; *State v. Hedrick*, 20 Mo. App. 629. The indictment is for a misdemeanor, and technical nicety is not required. *State v. Myers*, 20 Mo. 410 ; *State v. Fletcher*, 18 Mo. 427.

III. Regardless of all former decisions, section 1821, Revised Statutes, makes the indictment good. *State v. Chamberlain*, 89 Mo. 132 ; *State v. Edwards*, 60 Mo. 490 ; Rev. Stat., sec. 1021. The indictment is good.

No brief for the respondent.

ELLISON, J.—Defendant was indicted as a druggist under section 2, page 90, Acts 1883, for selling liquor contrary to said section. The indictment was quashed by the trial court and the state appeals. The statute is, that no druggist or pharmacist shall "sell, give away, or otherwise dispose of intoxicating liquors," etc. The indictment charged that defendant "did unlawfully sell, or give away, and dispose of intoxicating liquors," etc.

Whenever a statute is in the disjunctive, as is this one, the acts should be charged in the conjunctive unless they be repugnant. *State v. Fitzsimmons*, 30 Mo. 236. In the case of the *State v. Pittman*, 76 Mo. 56, it was held that the charge, "sell and give away," were not repugnant, and that it was good pleading to make the charge in the conjunctive. The difference between this case and that, is, that here the additional charge, "and dispose of," is made, the law of 1883 having added or included that in the definition of the offence ; but, after consideration, we are not able to see how that aids the indictment. The same element of uncertainty remains, as was in the *Pittman case, supra*. In that case

it is said to be fatally bad pleading not to charge in the conjunctive. And we are bound, not only to follow it, but to apply it to all cases falling fairly within the rule it lays down.

The state practically concedes the indictment to be bad according to its letter, but insists that the words, " or give away," or that the word, "sell," or both, might be rejected as surplusage and there would still be sufficient left to constitute the offence. But so in the *Pittman case*, either the word, "sell," or the words, " or give away," if the charge there had been in the disjunctive, might have been rejected, and a description of the offence would have remained, but the court nevertheless said it would have been fatal to have charged in the disjunctive.

Our conclusion is that the judgment should be affirmed. All concur.