PROVOSTX, J.
Defendant was indicted under section 908 of the Revised Statutes of 1876, providing that “whoever shall be guilty of keeping any disorderly tavern or tippling house shall suffer fine or imprisonment, or both, at the discretion of the court, and the offender may likewise be adjudged to forfeit his license to keep a house of public resort or entertainment.”
The indictment charged the offense simply in the words of the statute, viz., that the defendant did “in the parish of Iberia, on the 27th day of February, 1904, unlawfully keep a disorderly tavern or tippling house.”
The defendant moved to quash on the ground that section 908 does not specify what acts shall constitute the keeping of a disorderly tavern or tippling house within the contemplation of the statute, but merely denounces a penalty for the common-law offense of keeping a disorderly tavern or tippling house; and that by contenting itself with following the words of the statute, and not specifying the respects wherein the tavern or tippling house had been disorderly, the in *747 dictment has done no more than charge a conclusion of law, and is therefore insufficient.
The motion, we think, should have been sustained. The charge should be sufficiently specific to enable the defendant to prepare his defense. Here, nothing more is charged against him than that his tavern was “disorderly.” But, as said by Wharton, Crim. L. (7th Ed.) par. 2395, “this is a loose mode of pleading, for the question of disorder is a wide one, and there are many kinds of disorder which are not indictable, and of which it would be intolerable tyranny for the law to attempt to take cognizance. The proper course is to specify what the disorder is.”
See, also, Bishop, Evidence, Pleading, and Practice, 113, 273; Mains v. State, 42 Ind. 327, 13 Am. Rep. 304; Leary v. State, 39 Ind. 544; Waterman’s Crim. Dig. p. 478, §§ 120, 121,
The judgment is therefore set aside and the indictment quashed, and the defendant ordered released without day.