(67 South. 25)

No. 20941.

STATE v. MACKIE.

In re MACKIE.

(Dec. 14, 1914.    Rehearing Denied Jan. 11, 1915.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS ⬦143 — "BLIND TIGER"—STATUTORY DEFINITION.

The definition of a "blind tiger," in Act No. 146 of 1914, as a place in a subdivision of this state where the sale of intoxicating liquor is prohibited, where it is kept for sale, barter, exchange, or habitual giving away as a beverage, in connection with any business conducted at such place, is controlled by the phrase, *in connection with any business conducted at such place,* whether the intoxicating liquor is kept there for sale, barter, exchange, or to be habitually given away.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 152; Dec. Dig. ⬦143.

For other definitions, see Words and Phrases, First and Second Series, Blind Tiger.]

2. INTOXICATING LIQUORS ⬦213 — KEEPING BLIND TIGER—INFORMATION—SUFFICIENCY.

A bill of information, charging that the defendant kept intoxicating liquors for sale at a certain corner in a city where the sale of intoxicating liquor is prohibited, without alleging that it was in connection with any business conducted at such place, does not charge the offense of keeping a "blind tiger," denounced by Act No. 146 of 1914.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 255–257; Dec. Dig. ⬦213.]

Land, J., dissenting.

Frankie Mackie was convicted of keeping a blind tiger, and applies for a writ of certiorari. Reversed, and defendant discharged.

R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State. L. C. Butler, of Shreveport, for applicant.

O'NIELL, J.    The defendant was prosecuted for, and convicted of, violating Act No. 146 of 1914, entitled:

"An act to define and prohibit the keeping of a 'blind tiger'; to provide for the search of same, and for the seizure and destruction of any spirituous, malt or intoxicating liquor found therein; to provide for the punishment of any violations of this act."

The bill of information is in the following words:

"That Frankie Mackie * * * unlawfully did keep a 'blind tiger,' by keeping intoxicating liquors for sale as a beverage at corner of Hunter and Elm streets, Shreveport, Caddo parish, La., where the sale of intoxicating liquors is prohibited."

The defendant moved to quash the bill of information on the ground that it did not charge her with violating any crime or misdemeanor under the law of this state.

The court overruled the motion, and, according to the statement in the bill of exceptions, she was convicted on the evidence that she had in her ice chest 30 bottles of beer; that there were 18 freshly opened empty beer bottles on the premises, and a half cask of beer unopened in the defendant's "living room," where there were two other women and two men.

We have no jurisdiction to determine whether the proof would have been sufficient to justify a conviction of the defendant for keeping intoxicating liquors for sale as a beverage in a parish where its sale is prohibited, if that was a crime or misdemeanor, or to justify a conviction for selling intoxicating liquor in a prohibition parish or retailing it without a license.

[1, 2] We have only to decide whether the bill of information charges a violation of Act No. 146 of 1914, denouncing as a misdemeanor the keeping of a "blind tiger," and defining it as:

"Any place in those subdivisions of the state where the sale of spirituous, malt or intoxicant liquors is prohibited, where such spirituous, malt or intoxicant liquors are kept for sale,

barter, exchange or habitual giving away as a beverage *in connection with any business conducted at such place.*"

The learned trial judge held that it was not necessary for the state to charge or prove that the place alleged to be a "blind tiger" was one in which the intoxicating liquors were kept for sale *in connection with any business conducted at such place,* although he said it would have been necessary to charge and prove that the intoxicating liquors were kept for the habitual giving away as a beverage *in connection with some business conducted at the place,* if she had been charged with keeping the intoxicating liquors for habitually giving them away, though not for sale, barter, or exchange.

The Legislature, however, did not see fit to make any distinction between keeping intoxicating liquor for sale, barter or exchange and keeping it for habitually giving it away, in a place where the sale of it is prohibited.

The statute does not provide that it shall be unlawful to keep intoxicating liquor for sale, barter, or exchange in any place where the sale of it is prohibited, and that it shall also be unlawful to keep it for habitually giving it away as a beverage in connection with any business conducted at such place. The act provides that whoever shall keep a "blind tiger" shall be guilty of a misdemeanor, and, on conviction, be punished by fine and imprisoned. It defines a "blind tiger" as:

"Any place in those subdivisions of the state where the sale of spirituous, malt or intoxicant liquors is' prohibited, where such spirituous, malt or intoxicant liquors are kept for sale, barter, exchange or habitual giving away as a beverage in connection with any business conducted at such place."

This statutory definition of a "blind tiger" is the same whether the intoxicating liquor be kept for sale, barter, exchange, or habitual giving away, as a beverage.

The statute of 1914 further provides that any place suspected of being a "blind tiger" shall be searched by an officer designated in a search warrant; that any spirituous, malt, or intoxicating liquors found in such place shall be seized; and that the officer shall, within 24 hours, make his return and bring into court, along with the intoxicating liquor, all persons found in such place.

We are of the opinion that these harsh proceedings were advisedly made to apply only to a place where some business is conducted. And we have no authority to divide and modify the statutory definition of a "blind tiger" so as to have one definition for a place where intoxicating liquor is kept to be habitually given away and another definition for a place where it is kept for sale, or for barter or exchange.

The decision in City of Shreveport v. Maroun, 134 La. 490, 64 South. 388, where it was said that a "blind tiger" is defined in the dictionaries as a place where intoxicants are sold on the sly and contrary to law, was rendered before the adoption of Act No. 146 of 1914, and therefore without any reference to the statutory definition of a "blind tiger." The court said that the city ordinance which Maroun was convicted of violating did not attempt to create an offense, but merely declared a "blind tiger" to be a nuisance, and that the definition in the ordinance was tautological and unnecessary.

Act No. 146 of 1914 does create an offense, and it can only be charged in accordance with the statute.

For the reasons assigned, the bill of information and the conviction and sentence had thereunder are annulled, and it is ordered that the defendant be discharged from further prosecution under the bill of information.

LAND, J., dissents.