O’NIELL, J.
The'indictment, intending to charge the defendant with operating a blind tiger, alleged that he did, on the 24th. day of December, 1914, in the parish of Washington, 'La., “willfully and unlawfully keep spirituous and intoxicating liquors for sale, barter, exchange and habitual giving away as a beverage in connection with his business of running a drug store, contrary to'the form of the statute,” etc.
The defendant filed a motion to quash the indictment because, as he alleges, 'it does not charge the commission of any crime, and because, if based upon Act No. 146 of 1914, that statute, as he alleges, is unconstitutional and invalid in this: First, that it embraces more than one object, in violation of article 31 of the Constitution; second, that 'it provides for the seizure and search of private premises without probable cause supported by oath or affirmation, in violation of article 7 of the Constitution; and, third, that the statute is not responsive'to its title, in that it does not provide for the destruction of intoxicating liquor found on one’s premises, as the title indicates'it should provide.
The trial judge heard and overruled the defendant’s motion, and he reserved a bill of exceptions to'the ruling. He was tried, convicted, and sentenced to serve 30 days in prison and to pay a fine of $500 and costs, or serve an additional term of 6 'months in prison, subject to work on the public roads. The defendant has appealed.
The indorsement on the bill of'indictment, “Indictment for Blind Tiger,” indicates that it was for operating a blind tiger, in violation of the Act No. 146 of 1914, entitled:
“An act to define and prohibit the keeping of a ‘blind tiger’; to provide for the search of same and for the seizure, and destruction of any spirituous, malt or intoxicating liquor found therein; to provide for the punishment of any violations of this act.”
The first section of the statute defines a blind tiger to be any place in those subdivisions of the state 'where the sale of spirituous, malt, or intoxicating liquors is prohibited, where such spirituous, malt, or intoxicant liquors are kept for sale, barter, exchange, or/habitual giving away as a beverage in connection with any business conducted at such place. The second section of the act ’prohibits the keeping of a blind tiger, and declares that whoever shall be guilty of violating the statute shall be guilty of a misdemeanor. The third section provides that any place suspected of being a blind tiger shall be searched by an officer designated in a search warrant, and any spirituous, malt, or intoxicating liquor found therein shall be 'seized by the officer and brought before the court issuing the war *269 rant; that the warrant may be issued by any court having the power of a committing magistrate, 'on an affidavit reciting that the affiant believes a certain place to be a blind tiger, and on such additional evidence as the court may require to make out a prima facie case. 'The officer to whom such warrant is directed is required to make his return thereon within 24 hours after it is issued and to bring into court any 'spirituous, malt, or intoxicating liquor and all persons found in the premises. The court is then required to proceed without delay'to examine into the facts as a committing magistrate. The fourth section of the statute provides that whoever shall be found guilty of keepings blind tiger in violation of this act shall be fined not less than $200 nor more than $500 and be imprisoned not less than 30 days nor more than 6 months, and, in default of the payment of the fine and costs, shall be imprisoned, not more than 6 months additional. The fifth section repeals all laws in conflict with this statute.
[1] Taking up first the questions of the constitutionality of this statute, we find that it embraces only one general purpose or object; that is the suppression of blind tigers. A statute that deals with several branches 'of one subject does not thereby violate the constitutional requirement that it shall embrace only one object. See Thomas et al. v. Board of School Directors, of Webster Parish, 136 La. 499, 67 South. 345, and the authorities there cited. Article 31 of the Constitution of this state, requiring that a statute shall embrace but one object, does not mean that each and every detail or incident of a general law must be the subject of a separate statute, or that every means necessary to accomplish an object in the law must be provided for by a separate act relating to it alone. Cooley’s Constitutional Limitations (17th Ed.) pp. 205-206.
[3] It does not appear that the defendant has any cause to make the complaint that the third section of this statute violates the constitutional right to be secure against unreasonable search and seizure. The record does not disclose that a search warrant was issued, or that there was a seizure in this case. Article 7 of the Constitution of this state, providing that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable search and seizure shall not be violated, and that no warrant shall issue except on probable cause supported by oath or affirmation, refers expressly and only to xinreasonable search and seizure. It does not forbid any and all searches and seizures, but only those that are unreasonable. See Boston Beer Co. v. Massachusetts, 97 U. S. 25, 24 L. Ed. 989; Boyd v. U. S., 116 U. S. 641, 6 Sup. Ct. 524, 29 L. Ed. 746; Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385. The statute provides that the search warrant shall issue only on probable cause, supported by oath or affirmation; and we have already decided that this statute applies only to a place of business. See State v. Mackie, 136 La. 341, 67 South. 26; State v. Quinn, 136 La. 435, 67 South. 206.
The argument that the statute is unconstitutional because it does not provide for the destruction of the intoxicating liquor, as the title indicates it should, is entirely without merit. That part of the title of the act may be regarded as surplusage.
[2] Taking up the contention that the indictment does not charge the commission of a crime, we observe that it is not alleged that the defendant operated a blind tiger. The accusation is that he kept spirituous and intoxicating liquors for sale, barter, exchange, and habitual giving away as a beverage in connection with his business of running a drug store. Omitting the allegation that the defendant operated a blind tiger is not so important as is the failure or omission to allege that the drug store or place where the spirituous or intoxicating liquors *271 were kept was in a subdivision of this state where the sale of spirituous, malt, or intoxicant liquors is prohibited. A place where spirituous, malt, 'or intoxicant liquors are kept for sale, barter, exchange, or habitual giving away as a beverage in connection with any business conducted at such place is not a blind tiger, under the definition contained in Act No. 146 of 1914, unless the place is within one of the subdivisions of this state where the sale of spirituous, malt, or intoxicant liquors is prohibited. An indictment for violation of a statutory crime to be valid, must contain every essential element of the crime charged. See State v. Thibodeaux, 136 La. 935, 67 South. 973, and authorities there cited.
In his statement per curiam, written after the defendant was convicted, the district judge says:
“I am of the opinion that the indictment herein does distinctly charge the defendant with the commission of a crime, as defined in Act No. 146 of 1914, known as the ‘Blind Tiger Act,’ and conforms to the ruling laid down in the case of State v. Frankie Mackie, 136 La. 341, 67 South. 25, No. 20941 of the Supreme Court docket, recently decided. Learned counsel for defendant in open court stated that he relied upon the unconstitutionality of Act 146 of 1914 to sustain his motion to quash, and not upon the ground that the indictment charged no crime under the law of Louisiana. It is admitted that the sale of spirituous, malt, and intoxicants are prohibited in the entire parish of Washington, which includes all municipalities therein situated. There is no dispute about this fact. Furthermore, defendant did not ask or request the state to file a bill of particulars.”
[4] The admission that the sale of intoxicating liquor is prohibited in Washington parish, we assume, was made during the trial of the case, not on the trial of the motion to quash. If this complaint in the motion to quash the indictment was withdrawn or abandoned by the defendant or his counsel, there should be some record of the abandonment. An admission that Washington was a dry parish, if made on the trial of the ease merely to dispense with the production of the parish ordinances, was not necessarily an abandonment of the bill of exception which had been reserved when the judge overruled the motion to quash the indictment. The defendant’s counsel, in his brief denies that he abandoned the complaint that the indictment did not charge the commission of a crime. He has not argued the point that the indictment omits the allegation that the drug store was in a subdivision of the state where the sale of intoxicating liquor is prohibited ; but the record does not show, and we cannot assume, that the point was abandoned.
The judgment and sentence appealed from are set aside and it is now ordered that the indictment be annulled and the accused discharged.