(70 South. 614)

No. 21708.

STATE v. BARNETTE.

(Jan. 10, 1916.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS ☞213—KEEPING OF "BLIND TIGER"—ELEMENT OF OFFENSE—INFORMATION.

The first clause of section 1 of Act No. 8 of 1915 (Ex. Sess.) defines a "blind tiger" to be "any place in those subdivisions of the state where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away," and it contains no reference to the sale, etc., of the liquors mentioned in connection with another business. Hence, under that clause, a connection with another business is not an ingredient of the offense of keeping a "blind tiger," and need not be alleged in the bill of information.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 255–257; Dec. Dig. ☞ 213.

For other definitions, see Words and Phrases, First and Second Series, Blind Tiger.]

2. INDICTMENT AND INFORMATION ☞72—DISJUNCTIVE ALLEGATIONS—KEEPING OF BLIND TIGER.

Act No. 8 of 1915 (Ex. Sess.) is framed in language susceptible of the interpretation that it may be violated in either of several ways; and, as the different offenses which may arise out of the same transaction and be committed by the same act are enumerated in the disjunctive, they must be prosecuted either under separate counts, or else, if cumulated in one count, must be charged conjunctively.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 195–199; Dec. Dig. ☞72.]

3. INTOXICATING LIQUORS ☞213—KEEPING OF BLIND TIGER—INFORMATION — SUFFICIENCY.

A bill of information which charges merely that the defendant kept a "blind tiger" (in prohibition territory) does not inform the defendant whether it intends to charge the keeping of the particular "blind tiger" defined by the statute, or one of another variety, and, as it is only the keeping of the defined variety that is denounced as an offense, it follows that a motion to quash, on the ground that no offense is charged, should be sustained.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 255–257; Dec. Dig. ☞ 213.]

4. INDICTMENT AND INFORMATION ☞109 — STATUTORY OFFENSE—REQUISITES OF INFORMATION.

In order to charge the commission of a statutory offense, a bill of information must allege the commission of the particular act or acts necessary, under the statute, to constitute the offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 286–288; Dec. Dig. ☞109.]

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Bob Barnette was convicted of unlawfully keeping and operating a blind tiger, and appeals. Reversed, and defendant discharged.

Nettles & O'Quinn, of Coushatta, for appellant. J. F. Stephens, Dist. Atty., of Coushatta, for the State.

MONROE, C. J. Defendant was prosecuted under a bill of information which charges that in the parish of Red River he "did willfully, maliciously, and feloniously run, keep, and operate a blind tiger; the parish of Red River being a parish and subdivision of the state where the sale of intoxicating liquors is prohibited," etc.

He moved to quash the bill, for the alleged reason that it charges no crime known to the law of this state, which motion was overruled, on the ground that "keeping a 'blind tiger' is fully defined by Act No. 8 of 1915." He then moved for a bill of particulars setting forth the specific act or acts relied on as constituting the keeping and operating of a blind tiger, and the motion was overruled, on the ground:

"That the state was unable to charge specifically whether the liquors were kept for sale, barter, exchange, or for habitual giving away, as frequenters of the place were drifting oil field gamblers and followers whose names and residences were unknown, and the defendant was present and was fully informed of the kind of liquor found on his premises."

[1-4] Section 1 of Act No. 8 of 1915 (Ex. Sess.) reads:

"That a 'blind tiger' is hereby defined to be any place in those subdivisions of the state where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away; or any place in those subdivisions ·of the state where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, exchange or habitual giving away in connection with any business conducted at such place."

Section 2 of the act prohibits the keeping of a "blind tiger"; section 3 is irrelevant to the case here presented; section 4, prescribes a penalty for keeping a "blind tiger"; and section 5 repeals all conflicting laws and parts of laws.

Act No. 146 of 1914 defined a "blind tiger" to be "any place" in prohibition territory "where * * * spirituous, malt or intoxicating liquors are kept for sale, barter, exchange or habitual giving away as a beverage in connection with any business conducted at such place." The present act (under which defendant is prosecuted), in the first clause of the section quoted, also brings within the definition of "blind tiger" any place in prohibition territory where the liquors described, are kept for "sale, barter, or exchange, or habitual giving away," and contains no reference to any connection with another business. Hence, under that clause, a connection with another business is not an ingredient of the offense of keeping a "blind tiger," but is an irrelevant circumstance; and hence also it was unnecessary that such connection should have been alleged in the bill of information in this case. The bill herein filed, however, merely charges that defendant kept a "blind tiger" in prohibition territory, and does not inform him whether it intends to charge him with keeping the particular "blind tiger" defined by the statute, or one of another variety, though it is only the keeping of that particular specially defined variety that is denounced as an offense, which offense, as so defined, consists of the following elements, to wit:

(1) Keeping a place in prohibition territory,

(2) Where spirituous, malt, or intoxicating liquors are kept

(3) For sale, barter, or exchange, or habitual giving away.

Inasmuch, therefore, as the bill does not charge defendant with keeping the "place" thus described in the statute, and otherwise designated as a "blind tiger," it should have been quashed on his motion.

"A bill of indictment for the violation [commission] of a statutory crime, to be valid, must contain every essential element of the crime charged." State v. Doremus, 137 La. 266, 68 South. 605.

"It is sufficient that an indictment follow the words of a statute, or use language of equivalent import, when those words describe the act constituting the offense with such precision as fully to inform the defendant of the nature of the charge against which he is to prepare his defense, but, if the mere words of the statute do not give that information, it must be furnished by the indictment." State v. Schwartz, 137 La. 277, 68 South. 608.

See, also, State v. Mackie, 136 La. 341, 67 South. 25; State v. Quinn, 136 La. 435, 67 South. 206; State ex rel. Etie v. Judge, 112 La. 746, 36 South. 670; Marr's Crim. Jur. of La. p. 433.

And not only must the bill set forth the acts constituting the offense sought to· be charged, but, where distinct offenses arising out of the same transaction and committed by the same act are disjunctively enumerated in the statute, they must be prosecuted either under separate counts, or, if cumulated in one count, must be charged conjunctively. Marr's Crim. Jur. of La. p. 417; 22 Cyc. 380,

381, et seq.; 23 Cyc. 211; State v. Banton, 4 La. Ann. 31; State v. Flint, 33 La. Ann. 1291; State v. Richards, 33 La. Ann. 1294; State v. Sullivan, 125 La. 560, 51 South. 588. Applying the rule thus stated to the instant case, it will be observed that the statute here in question may be violated, and the offense of keeping a "blind tiger" committed, in either of several ways, viz., by maintaining a place, in prohibition territory, where malt liquors are kept for sale, or where intoxicating liquors are kept for sale, or where such liquors, respectively, are kept for barter, or exchange, or habitual giving away. In other words, the enumeration of the statute being disjunctive, and each of the acts of keeping for sale, or for barter, or for exchange, or for giving away, each of the liquors, being subject to prosecution, as constituting the offense of keeping of a "blind tiger," a defendant who has been convicted upon that charge because of keeping beer for sale may again be prosecuted because of keeping whisky for sale, though the charges relate to the same transaction, unless the disjunctive enumeration of the statute, being cumulated in one count, is converted into a conjunctive charge.

It is therefore decreed that the judgment appealed from be set aside, that the motion to quash the information be sustained, and that defendant be discharged.