(72 South. 801)

No. 22093.

STATE v. NEJIN.

(Oct. 16, 1916.)

*(Syllabus by the Court.)*

INDICTMENT AND INFORMATION ☞121(2)—
BILL OF PARTICULARS.

In a prosecution for operating a blind tiger, in violation of Act No. 8 of 1915, the defendant is entitled to be informed, before pleading to the indictment or information, whether he is to be prosecuted for keeping intoxicating liquors for sale or barter or exchange or the habitual giving away of such liquors.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 317; Dec. Dig. ☞121(2).]

Appeal from City Court of Shreveport; L. C. Blanchard, Judge.

F. A. Nejin was convicted of operating a blind tiger, and appeals. Reversed and remanded, with directions.

E. P. Mills and Charles F. Crane, both of Shreveport, for appellant. A. V. Coco, Atty. Gen., and W. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (Vernon A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J. The defendant was convicted of operating a blind tiger, in violation of Act No. 8 of 1915, was sentenced to pay a fine and be imprisoned, and has appealed.

The affidavit charges that:

The defendant "did unlawfully operate a blind tiger at No. 1116 Marshall street, Shreveport, Caddo parish, La., in which parish and city the sale of intoxicating liquors is prohibited, by then and there keeping intoxicating liquors for sale, barter, exchange, or habitual giving away at the above-described place."

Before pleading to the charge, the defendant demanded a bill of particulars, and particularly demanded that he be informed whether he was charged with keeping intoxicating liquors for sale or barter or exchange or for the habitual giving away of such liquors. The judge refused to order the prosecuting attorney to furnish the bill of particulars. Reserving a bill of exceptions to the ruling, the defendant then filed a motion to quash the affidavit and dismiss the charge against him, on the ground that the affidavit, charging the commission of one of four offenses, without designating which of the four offenses was charged, did not charge the commission of any particular offense. The motion was overruled, and defendant's counsel again reserved a bill of exceptions.

In the statement per curiam, in the bills of exception, the trial judge gives his reason for overruling the motion for a bill of particulars and the motion to quash, viz.:

"That it was not necessary to specify whether the liquor was kept for sale, barter, exchange, or habitual giving away."

Referring to the Act No. 8 of 1915, in the case of State v. Barnette, 138 La. 693, 70 South. 614, it was observed that the statute might be violated in either of several ways, and that, as the different offenses that might arise from the same transaction and be committed by the same act were enumerated disjunctively, it was necessary that the prosecution should be under separate counts, or, if cumulated in one count, be charged conjunctively.

In State v. Sullivan, 125 La. 56, 51 South. 588, citing Cyc. 296, the indictment being for the violation of section 880 of the Revised Statutes, denouncing as a crime bribing or attempting to bribe a witness or preventing a witness from making an affidavit for a warrant of arrest or from testifying as

a witness in a criminal prosecution, by force or threat or intimidation or persuasion, it was observed that the statute denounced disjunctively several offenses, connected with the same transaction, and it was held that an indictment or information for the violation of such a statute must not charge the accused party disjunctively or alternatively, in such manner as to leave uncertain the precise accusation against him. In that case the indictment charged that the defendant "did, by threats or intimidation, attempt to prevent a witness in a criminal case from appearing or testifying," and the indictment was held invalid. The doctrine of the cases cited seems to be universally recognized. See Bishop's New Criminal Procedure (2d Ed. 1913) vol. 2, pp. 463 and 464, and 23 Cyc. 217. In State v. Fairgrieve, 29 Mo. App. 641, it was held that an indictment charging that the defendant did unlawfully sell or give away intoxicating liquors, in violation of a statute making either of the acts an offense, was fatally defective.

The conviction and sentence appealed from are annulled, and it is ordered that this case be remanded to the city court of the city of Shreveport, that the defendant may be furnished with a bill of particulars, and the case proceeded with according to law.