(78 South. 737)

No. 22999.

STATE v. MAGGIORE et al.

(April 29, 1918.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ☞121(2)— INTOXICATING LIQUORS ☞143 — KEEPING "BLIND TIGER"—ELEMENTS OF OFFENSE— STATUTE.

The ingredients of the offense of keeping a "blind tiger," as defined by Act No. 8 (Ex. Sess.) of 1915, § 1, are the keeping of a place in prohibition territory where spirituous, malt, or intoxicating liquors are kept for sale, barter, exchange, or habitual giving away, or for sale, barter, exchange, or habitual giving away in connection with any business conducted at such place; and, where the ingredients specified in the first clause are set out in a bill of information, the defendant is not entitled to a bill of particulars explaining that it is not intended to charge him with the commission of the offense in any other capacity than as so alleged, or with keeping such liquors for such purposes in connection with any business conducted at such place, or specifying the particular brands of liquors with the keeping of the place for the sale, barter, etc., of which he is charged. The gist of the offense consists of the keeping of a "blind tiger," and a bill of information which fully informs a defendant of the ingredients of that offense furnishes him with all the information needed for the preparation of his defense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Blind Tiger.]

*(Additional Syllabus by Editorial Staff.)*

2. CRIMINAL LAW ☞1128(2)—APPEAL—REVIEW—MATTER NOT IN RECORD.

Where defendant filed in the Supreme Court a purported certified copy of an internal revenue license paid by him, and alleged to have been offered at the trial, it could not be considered where not referred to in transcript.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Felix Maggiore and others were convicted of keeping a blind tiger, and they except and appeal. Affirmed.

David R. Rosenthal, of Lake Charles, for appellants. A. V. Coco, Atty. Gen., J. Sheldon Toomer, Dist. Atty., of Lake Charles, and W. A. White, Asst. Dist. Atty., of Covington (Vernon A. Coco, of New Orleans, of counsel), for the State.

MONROE, C. J. Defendant, having been convicted upon a charge of keeping a blind tiger, presents his case to this court upon a bill of exceptions reserved to the refusal of the trial court to order the prosecution to file a bill of particulars setting forth whether he was to be prosecuted as owner, partner, or agent, the kind of liquor he was charged

with handling, and whether it was for sale, barter, exchange, or giving away.

The bill of information reads, in part, as follows:

"That Felix Maggiore and Bob Delovisio, * * * on the 1st day of June, 1917, and upon each and every day thereafter up to and including the 21st day of January, 1918, did unlawfully keep and operate a 'blind tiger,' being a place where spirituous, malt, and intoxicating liquors were kept for sale, barter, exchange, and habitual giving away, at a house situate at a place west of the Kayouche Coulée, north of Broad street road, south of the Southern Pacific Railroad and each (east) of the corporate limits of the city of Lake Charles, La., known as the 'Old Gray Place,' in Calcasieu parish, * * * being a subdivision of the state of Louisiana, wherein the sale and retailing of malt and intoxicating liquors is prohibited by law," etc.

[1, 2] The charge appears to have been brought under so much of Act No. 8 of 1915 (E. S.) as reads:

"Section 1. * * * That a 'blind tiger' is hereby defined to be any place in those subdivisions of the state where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away; or [defining a somewhat different offense, with which defendant is not charged] any place, in those subdivisions of the state where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, exchange, or habitual giving away in connection with any business conducted at such place.

"Sec. 2. * * * That the keeping of a 'blind tiger' is hereby prohibited, and whoever shall be guilty of violating this act shall be guilty of misdemeanor.

   *      *      *      *      *      *      *

"Sec. 4. * * * That whoever shall be found guilty of keeping a 'blind tiger,' in violation of this act, shall be fined," etc.

The trial judge declined to order the bill of particulars to be furnished, on the ground that the charge, as made, is sufficiently specific to enable defendant to prepare his defense.

"The offense charged (says the learned judge) is completed by the keeping of a place for the unlawful disposition of intoxicating liquors; no actual transaction need be established, and therefore the charge is sufficiently specific of the unlawful purpose set out," etc.

We find no prejudicial error in that ruling. A defendant in a criminal prosecution is not entitled to a bill of particulars as a matter of right, but only where the charge is so general as not to enable him to prepare his defense, and the determination of that question is largely within the discretion of the trial judge. Marr's Cr. Jur. of La. p. 433. As the statute here in question makes it an offense to keep a place in prohibition territory where any brand of spirituous, malt, or intoxicating liquor is kept, either for sale, barter, exchange, or habitual giving away, and as defendant is charged, conjunctively, with keeping a place so situated where spirituous, malt, and intoxicating liquors were kept for sale, barter, exchange, and habitual giving away, it was unnecessary, in order to put him on his defense, to explain that it was not intended to charge him with the commission of that offense in any other capacity than as so alleged, or with the offense of keeping such liquors for such purposes "in connection with any business conducted at such place," or to specify the particular brand or brands of spirituous, malt, and intoxicating liquors with the keeping of the place (in prohibition territory) for the sale, barter, exchange, and habitual giving away of which he was charged.

The gist of the offense consists of the keeping of a "blind tiger," and its ingredients are set forth in the bill of information and fully informed defendant of all that he needed in order properly to defend himself. State v. Jackson, 135 La. 365, 65 South. 491; State v. Barnette, 138 La. 693, 70 South. 614; State v. Garland, 140 La. 402, 73 South. 246; State v. Selsor, 140 La. 469, 73 South. 270; State v. Ferris, 76 South. 608;[1] 8 Corpus Juris, p. 1124, notes.

---

[1] 142 La. 198.

In State v. Nejin, 140 La. 37, 72 South. 801, as in case of State v. Barnette, supra, the charge was held to be insufficient because framed in the disjunctive.

[2] Counsel for defendant has caused to be filed in this court what purports to be a copy, certified by the clerk of the district court, of an internal revenue license, said to have been paid by defendant, and to have been offered in evidence on the trial, but we find no reference to it in the transcript, whether by way of bill of exception or otherwise, and can give it no consideration.

Judgment affirmed.