WATSON, Justice.
Defendant Massey was charged with vio *1212 lating LSA-R.S. 14:105[1] “in that he did willfully and unlawfully keep a disorderly place located at 737 Cohen St.” [2] A bill of information charged Massey with letting a disorderly place contrary to LSA-R.S. 14:105. Defendant filed a motion to quash which was granted by the trial court on the ground that LSA-R.S. 14:105 is unconstitutionally vague. Because of the ruling that the statute is unconstitutionally vague, the appeal was transferred to the Louisiana Supreme Court.[3] ^
LSA-R.S. 14:104 [4] defines keeping a disorderly place as the intentional maintaining of a place to be used habitually for any illegal purpose. Reading the two statutes in pari materia, it can be inferred that a disorderly place is one used habitually for any illegal purpose.
The definition of a disorderly place as one which is used habitually for an illegal purpose is not unconstitutionally vague. State v. Defrances, 351 So.2d 133 (La.1977); State v. Truby, 211 La. 178, 29 So.2d 758 (1947). However, an indictment which charges a crime involving a disorderly place must specify the disorder. State ex rel. Etie v. Foster, 112 La. 746, 36 So. 670 (1904). Also see Connick v. Lucky Pierre’s, 331 So.2d 431 (La.1976). Compare State v. Brooks, 146 La. 325, 83 So. 637 (1920) where the indictment specified the nature of the disorder.
Foster held that charging a defendant with keeping a disorderly tavern was merely a conclusion of law and not sufficient for preparation of a defense. “ ‘The proper course is to specify what the disorder is.’ ” [5] Because of the multitude of illegal purposes which could be served by a disorderly place, this bill of information is deficient and was correctly quashed by the trial court.
For the foregoing reasons, the conclusion that LSA-R.S. 14:105 is unconstitutional is disapproved, but the judgment of the trial court is affirmed.
AFFIRMED.
CALOGERO, J., concurs. The statute is not constitutionally vague.
DIXON, C.J., dissents.

. LSA-R.S. 14:105 provides:
“Letting a disorderly place is the granting of the right to use any premises knowing that they are to be used as a disorderly place, or allowing the continued use of the premises with such knowledge.
"Whoever commits the crime of letting a disorderly place shall he fined not more than five hundred dollars, or imprisoned for not more than six months, or both.”

. Tr. 2.

. LSA-Const. Art. 5, § 5(D).

. LSA-R.S. 14:104 states:
“Keeping a disorderly place is the intentional maintaining of a place to be used habitually for any illegal purpose.
‘Whoever commits the crime of keeping a disorderly place shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both."

. 36 So. at 670, quoting Wharton, Criminal Law (7th ed. § 2395).