## No. 9598.

### THE STATE OF LOUISIANA VS. EUGENE OFFUTT.

A motion for a new trial made in a criminal cause, after sentence, after the case has been finally closed and an appeal taken, comes too late.

Hence, the trial judge does not err if he refuses to direct his clerk to include such tardy and irrelevant proceedings in the transcript of appeal.

Therefore, the Supreme Court will not entertain any proceeding intended to coerce the district judge to order the introduction of such foreign matters in the transcript.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

*M. J. Cunningham*, Attorney General, and *L. D. Beale*, District Attorney, for the State, Appellee.

*K. A. Cross* for Defendant and Appellant.

### ON APPLICATION FOR CERTIORARI.

The opinion of the Court was delivered by

POCHÉ, J. The accused complains of the refusal of the district judge to direct his clerk to include in the transcript, as part of the record, a supplemental motion for a new trial made by his counsel, and the affidavit of a witness made in support thereof, after the trial had been concluded.

His object is to present his said motion together with the supporting affidavit and the judge's refusal of the new trial to the action and revision of this Court.

His own petition shows that the motion in question was presented after a final disposition by the trial judge of a timely motion made by his counsel for a new trial, after sentence had been passed on him, and after the case had been finally closed and an appeal taken. Hence, the motion and the affidavit form no part of the proceedings held in his.

trial. The appeal which he had taken from the sentence of the court, and from the verdict of the jury, before he presented the motion in question, can present for review only such things and matters as have occurred during, and form parts and elements of, his trial.

It follows that we would be powerless to consider or give legal effect to the proceedings which his counsel is now seeking to bring up to our notice, even if they had been included in the transcript.

On appeal from a criminal prosecution, this Court has no more concern with proceedings or other incidents connected with the accused or with the charge under which he has been convicted, which have occurred subsequently to the trial and sentence, than it would have with the mode of incarcerating the accused, or with the action of the Executive Department of the State in enforcing the judgment of the court, or in commuting or remitting such sentence.

It, therefore, appears to us that far from erring in the refusal complained of, the district judge would have committed a grievous error if he had followed the suggestion of defendant's counsel, and had thus ordered his clerk to inject in the transcript matters which were entirely foreign to the only issues which could have been tried on appeal.

The reliance of counsel on the decision in the case of The State vs. Bess, 31 Ann. 191, cannot avail him in the relief which he now seeks to obtain.

In that case the matters which were missing from the transcript formed essential and vital parts of the defendant's trial, and presented issues which the appellate tribunal had the undoubted right to consider and to dispose of.

It is, therefore, ordered, adjudged and decreed that the writ of certiorari herein applied for be denied.

---

## On the Merits.

It is not error for a judge to sustain a challenge for cause to a juror on the ground that he does not understand the ordinary use of the English language.

A bill of exceptions to the ruling of the judge in refusing a new trial, which simply states the fact of the overruling without any recitation of facts relied on or statement of grounds on which the judge acted, affords no basis for reviewing the ruling, because it affords no certification of the facts recited in the motion.

Newly discovered evidence, merely tending to impeach or discredit witnesses who have testified on the trial, does not necessarily afford ground for new trial, and we are not disposed to disturb rulings on such question.

---

FENNER, J. The case is before us on three bills of exception.

Bills Nos. 1 and 2 are so clearly meritless that they scarcely require

notice. After a juror had been examined on his *voir dire* and accepted by both parties, the district attorney, suggesting that perhaps the juror had not understood the questions propounded to him, desired to question him on that point. The court asked the juror if he had understood; he answered in the affirmative and remained on the jury. This is the subject of the first bill.

The second is hardly less frivolous, being taken to the ruling of the court in sustaining a challenge for cause of a juror, the court's reason being that he was "ignorant of the ordinary use of the English language." This was a proper exercise of the power expressly granted to the judge to the jury law. See Act No. 54 of 1880.

The third bill is to the overruling of a motion for new trial. It is in the following words: "Be it remembered that the court overruled the motion for a new trial filed by the accused for the grounds stated. Whereupon the accused excepted to the ruling of the court and tenders his bill for signature and approval."

Such a bill affords no basis for reviewing the action of the court in this case.

The motion for new trial was based on two grounds:

1st. That the verdict was contrary to the law and the evidence;

2d. Newly discovered evidence.

The latter was on points immaterial to the intrinsic merits of the case, and went merely to impeach the veracity of the prosecuting witnesses by contradicting certain statements which the motion alleges they had made.

But we have nothing but the allegations of accused that the witnesses had made the statements proposed to be contradicted, and, for aught we know, the judge may have denied the motion on the ground that no such statements had been made. At all events, the record affords no certification of the truth or pertinency of the matters alleged or of the grounds on which the judge based his ruling; and surely it would be utterly rash for us to pronounce his ruling erroneous.

Besides, newly discovered evidence merely tending to impeach or discredit a witness who has testified, is not necessarily good ground for a new trial, and we are not disposed to disturb the ruling of the trial court on such a question. State vs. Young, 34 Ann. 346; State vs. Fahey, 35 Ann. 10; 36 Ann. 11.

Judgment affirmed.