Appeals, and this court, this provision of the Constitution was not taken into account. It appears to us to be imperative. Unless its requirement is complied with, any judgment that may be rendered annulling a tax sale is stricken with ineffectiveness, or, in other words, is practically no judgment at all.

Plaintiff says that this relief was not prayed for by defendant, and therefore cannot be granted. But, unless this relief is granted, the judgment which plaintiff has sued for and obtained will be ineffective, and that is a condition of things not desired by even plaintiff himself.

Plaintiff's learned counsel argues that, inasmuch as the assessment does not identify his property, nothing shows that the tax sale had reference to his property, and not to some other property, and that he should not be made to pay taxes which, for all that is known, may be due by some other property than his own.

That is a singular contention for plaintiff to make, since, if successful, it would have the effect of putting him out of court. A person has no standing in court to maintain a suit to annul the tax sale of the property of some other person. Hence, if the property affected by said tax sale were not known to be plaintiff's, this suit would simply have to be dismissed, at plaintiff's cost.

Our former judgment is reinstated, except that it is further ordered, adjudged, and decreed that the plaintiff, William Gomez, pay to the defendant, R. D. Wilde, $12.05, with 10 per cent. per annum interest thereon from July 21, 1897, and the further sum of $17.50, with 10 per cent. per annum interest from August 2, 1900, and that the plaintiff pay the costs of the Court of Appeal and of this court, and the defendant pay all other costs of the suit.

O'NIELL, J., takes no part.

---

(65 South. 111)

No. 20,389.

STATE v. BREWER.

(April 27, 1914.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1026*)—APPEAL—DISMISSAL.

An appeal will be dismissed where it is shown that the order of the court appealed from has been acquiesced in by the appellant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2615–2618; Dec. Dig. § 1026.*]

Appeal from Juvenile Court, Parish of Orleans; A. H. Wilson, Judge.

Frederick J. Brewer was convicted of failing to support his minor children, and appeals. Appeal dismissed.

Loys Charbonnet, of New Orleans, and Fred A. Ahrens, of Arabi, for appellant. A. D. Henriques, Jr., Asst. Dist. Atty., of New Orleans (Harry P. Sneed, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. In compliance with the order hereinbefore issued, the juvenile court has forwarded to this court a transcript of the testimony taken in support of the motion to dismiss the appeal, in which motion it was alleged that the defendant had acquiesced in the judgment appealed from.

December 8, 1913, defendant was found guilty of failing to provide for the support of his minor children, and he was ordered to pay to the criminal sheriff the sum of $20 on the first and fifteenth of every month, commencing Monday, December 15, 1913, for support of his children, and defendant was released on his bond. Defendant applied for a new trial, which was refused December 10, 1913, and a motion for a suspensive appeal was filed and granted on the same day. December 15, 1913, defendant executed the order appealed from by paying to the deputy criminal sheriff $20. He thus acquiesced in

the order of the court, and his appeal must be dismissed. Defendant argues that the payment made by him to the sheriff for the support of his minor children was in accordance with an understanding between his attorney and the prosecuting officer of the state; but he has failed to substantiate said understanding or agreement by sufficient evidence.

Appeal dismissed.