(102 So. 409)

No. 26858.

## CITY OF LAFAYETTE v. TRAHAN.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law**  ⬤⟞912½ — **New trial not granted on ground that ordinance on which prosecution based invalid.**

A "suggestion" on motion for new trial, made after payment of fine, that accused before pleading was not advised that ordinances under which he was prosecuted are invalid, is not ground for new trial as such objection must be presented during trial.

2. **Criminal law**  ⬤⟞1026—**Appeal does not lie after sentence has been executed.**

Appeal does not lie after sentence has been executed, and it does not matter that defendant, instead of appealing directly from judgment, appeals indirectly from judgment refusing new trial, and such appeal will be dismissed.

Appeal from City Court of Lafayette; G. A. Martin, Judge.

Anatole Trahan was convicted of possessing and selling liquor in violation of ordinances of the City of Lafayette, and appeals. Appeal dismissed ex proprio motu.

George P. Lessley, of Lafayette, for appellant.

John L. Kennedy, of Lafayette, for appellee.

By the WHOLE COURT.

ST. PAUL, J. On August 5, 1924, appellant was charged with violating two certain ordinances of the city of Lafayette, one relative to possessing intoxicating liquors for beverage purposes, and the other relative to selling intoxicating liquors for beverage purposes.

On August 6th he pleaded guilty to both charges, and was fined $100 on each; which fine he promptly paid that same day.

On August 16th he applied for a "rehearing," wherein he set up the alleged illegality of said ordinances on various grounds; and on August 18th his application was refused, whereupon he appealed to this court.

### I.

[1, 2] The appeal is frivolous. The application for a so-called rehearing was in effect only a motion for a new trial. In State v. Jerome Smith, 156 La. 818, 101 So. 209, this court held that:

"A motion for a new trial should be made *before sentence* is pronounced, and may not even be *filed* if made afterwards." Citing State v. Smith, 46 La. Ann. 1433, 16 So. 372.

We said further:

"Still less can such a motion be made (even though termed supplemental) after an appeal has been taken." Citing State v. Offutt, 38 La. Ann. 364.

Now this much at least can be said of a motion for a new trial made after judgment but before execution, or even after appeal taken, to wit, that the sentence of the court has not yet become a "fait accompli"; and such a motion *if allowed* might yet result in some relief for the accused. But a motion for a new trial made after the judgment of the court has been *fully executed*, can avail the accused nothing whatsoever. A new trial cannot restore life to him who has been hanged; it cannot set free one who, having served his term of imprisonment, is already restored to liberty; it cannot direct the return of a fine already paid into the fisc; hence, such a motion, or an appeal taken from a refusal to allow the same, presents only a *moot question* and must be dealt with accordingly.

In his motion aforesaid defendant "suggests,"

That at the time he was called upon to plead to the charges preferred against him he was not advised as to the illegality and nullity of the ordinances under which he was prosecuted; and that, acting under error, he entered pleas of guilty and to avoid being imprisoned paid the fines imposed by the court. That such action, being under duress, cannot be held to be acquiescence in the validity or legality of the action on the court in imposing said fines.

This "suggestion," can avail defendant nothing. We have already said that the granting of his motion for a new trial, by the lower court or even on this appeal, could not result in restoring to him the fine already paid into the fisc; and any action therein by either court would be merely passing on a moot question. But in any event everyone is presumed to know the law and the defendant knew, or should have known, that he was entitled to the benefit of counsel in defending himself. If he failed to avail himself of that right at the time he cannot afterwards complain that he was not advised of his rights when he went to trial.

In State v. Charles, 130 La. 685, 58 So. 510, this court said:

"An accused cannot be permitted to remain supinely indifferent about having counsel, take his chances of acquittal, and, after verdict, successfully urge that he was entitled to counsel."

But for an accused to urge after conviction, that he was *not advised* that he had a good defense to the prosecution, is simply another way of saying that he was without counsel at the trial; and therefore presents no grounds for affording him any relief.

For the rest:

"The principle is well settled that a new trial will not be granted for matters which the accused, not having availed himself thereof at the time, is presumed to have waived." State v. White, 152 La. 614, 94 So. 135; and authorities there cited.

And in Factors' & Traders' Insurance Co. v. City of New Orleans, 25 La. Ann. 460, this court held it a rule of law, to be adhered to in all cases, that:

"To escape the penalties inflicted by a law, or to avoid responsibilities imposed by a law upon the ground that it is unconstitutional, its unconstitutionality must be distinctly alleged before the penalty is imposed or the responsibility is determined."

See pages 460, 461. See, also, Berry v. Bass (our No. 26036) ante, p. 81, 102 So. 76.

### III.

We are therefore clearly of opinion that no appeal lies in a criminal case after the sentence imposed has been fully carried out; and it matters not that the defendant instead of appealing directly from the judgment imposing such sentence, has done so indirectly by applying for a new trial and appealing from the judgment refusing the same. Such an appeal must be dismissed.

### Decree.

The appeal herein taken is therefore dismissed ex proprio motu.

O'NIELL, C. J., concurs in the decree, but thinks it would suffice to say that, when the defendant, being not in error of any fact, pleaded guilty, he forfeited all right to a so-called new trial or rehearing, even before sentence was imposed.