El Pueblo de Puerto Rico, demandante y apelado, *v.* Adolfo
Ruiz Jr., acusado y apelante.

No. 4396.—*Sometido:* Mayo 8, 1931. *Resuelto:* Mayo 20, 1931.

*Juan B. Huyke,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Adolfo Ruiz, Jr., fué condenado a pagar una multa de cinco dólares o a sufrir prisión en defecto de pago por delito de infracción a la ley Nacional de Prohibición. Satisfizo la multa y después interpuso este recurso de apelación contra la sentencia, que el Fiscal nos pide que desestimemos por resultar una cuestión académica su resolución por haber sido pagada la multa. A esa solicitud se ha opuesto verbalmente el día de la vista de ella el apelante alegando que tuvo que pagar la multa para evitar ser reducido a prisión toda vez que la sentencia apelada dispuso que inmediatamente fuese reducido a prisión si no pagaba la multa, y porque si la apelación es oída la sentencia sería revocada de acuerdo con decisiones de este tribunal.

Puede establecerse como regla general que la existencia de una controversia actual es un requisito necesario para nuestra jurisdicción en apelación y que en ausencia de tal controversia la apelación de una sentencia cumplida debe ser desestimada; controversia que puede desaparecer por algún acto de las partes. 3 C. J. 356 y 361.

En este caso no hay controversia actual que deba ser resuelta en vista de que el apelante ha cumplido la sentencia que le fué impuesta. Cuando un acusado paga la multa a que ha sido condenado abandona su derecho de apelación. *State* v. *Welfall,* 37 Iowa 575; *State* v. *Burthe,* 39 La. Ann. 328, 1 South 652; *Leavitt* v. *People,* 41 Mich. 470, 2 N. W. 129; *Commonwealth* v. *Gipner,* 118 Pa. St. 379, 12 Atl. 306;

*Payne* v. *State,* 12 Tex. App. 160, citados en Am. Dig. Cent. Ed., vol. 15, página 406; *State* v. *Wilder,* 23 So. 203, 50 La. Ann. 388, citado en 6 Am. Dig. Dec. Ed., párrafo 1026; *Washington* v. *Cleveland,* 88 Pac. 305, 49 Or. 12, 124 Am. St. Rep. 1013, citado en 8 Am. Dig. 2d Decennial Ed. 1026; *Township of Haverford* v. *Armstrong,* 76 Pa. Super. Ct. 152; y *City of Lafayette* v. *Frahan,* 102 So. 409, 157 La. 305.

La alegación del apelante de que pagó la multa porque la sentencia de la corte inferior dispuso que si dejara de satisfacerla inmediatamente se le encarcelase no tiene fundamento, porque la corte se ajustó al artículo 329 del Código de Enjuiciamiento Criminal preceptivo de que si la sentencia es a prisión o al pago de una multa y ·prisión hasta que la multa sea satisfecha, el reo deberá ser confiado sin demora al cuidado del oficial correspondiente y será detenido por éste hasta que la sentencia se haya cumplido; y porque tenía el derecho de no pagarla si interponía apelación contra la sentencia y prestaba fianza. Ley de 1921, página 119, enmendando el artículo 374 del Código de Enjuiciamiento Criminal. En el caso de *Madsen* v. *Kenner,* 4 Utah 3, 4 Pac. 992, se declaró que cuando se paga la multa impuesta por una sentencia que dispone que en defecto de pago el acusado sea preso, la apelación debe ser desestimada. Y en el caso de *Bogue* v. *State* de la Corte Suprema de Indiana, 113 N. E. 753, se desestimó la apelación de un sentenciado que aceptó estar en libertad bajo palabra, y se dijo, además, que está bien establecido que una apelación no debe continuar simplemente por las costas, citando los casos de *Manlove* v. *State,* 153 Ind. 80, ·53 N. E. 385 y de *Monger* v. *Pavey,* 178 Ind. 666, 98 N. E. 625 y casos que cita.

Respecto a la otra cuestión alegada por el apelante de que la sentencia sería revocada no es motivo para que la apelación no sea desestimada porque cumplida la sentencia no tenemos controversia que decidir.

*La apelación en este caso debe ser desestimada por resultar académica.*