187 So. 666

**STATE v. VERDIN et al.**

No. 35110.

Jan. 10, 1939.

On Rehearing March 6, 1939.

C. A. Blanchard, of Donaldsonville, for relators.

Gaston L. Porterie, Atty. Gen., James O'Connor, First Asst. Atty. Gen., and J. A. O. Coignet, Dist. Atty., of Thibodaux, for the State.

ROGERS, Justice.

Relators, nine in number, were indicted for the offense of disturbing the peace. They appeared for arraignment without the assistance of counsel and pleaded not guilty. Later relators employed counsel for their defense, and when the case came on for trial they moved to withdraw their pleas of not guilty and to file a motion to quash the indictment. On objection of the district attorney that the motion came too late, the trial judge refused to permit relators to withdraw their pleas and to consider the motion to quash. The case was then taken up for trial on the merits. Relators' objection to the admission of any and all evidence offered by the State was overruled and they were convicted of the offense charged. Relators then filed in regular order motions for a new trial and in arrest of judgment, which were denied. Each of the relators was

then sentenced under his conviction. All the rulings of the trial judge were timely excepted to and bills reserved. Certiorari has brought the case here.

The charges contained in the indictment is that the relators, on August 18, 1938, in the Parish of Terrebonne, and within the jurisdiction of the Seventeenth Judicial District Court in and for said Parish, "did unlawfully disturb the peace." The motion to quash alleges that the indictment is invalid because it does not set forth the time, the place, nor the manner in which the alleged offense was committed.

■ Defendant, at any time after arraignment, may withdraw his plea of not guilty, with the consent of the court, and demur or move to quash the indictment. Code Cr.Proc. art. 265.

■ The withdrawal of a plea of not guilty for the purpose of filing a motion to quash the indictment is a matter within the discretion of the trial judge and his ruling thereon will not be disturbed unless an abuse of discretion is shown. State v. Foster, 164 La. 813, 114 So. 696. But if the grounds set forth in the motion to quash are not only reasonable but sufficient, if true, to vitiate the indictment, it is an abuse of discretion of the trial judge to refuse to permit the withdrawal of the plea. State v. Soileau, 173 La. 531, 138 So. 92.

The record discloses that the trial judge refused to grant relators' motion to withdraw their pleas of not guilty because the motion, not having been made before arraignment, came too late.

But in State v. Brooks, 173 La. 9, 136 So. 71, the defendant, charged with embezzlement, pleaded not guilty and two months thereafter, on the day set for the trial, moved to withdraw the plea and to file a motion to quash the indictment. The trial judge refused the motion, assigning as a reason for the ruling that the request came too late and to grant it would cause unnecessary delay. This Court held that the ruling was reversible error. The delay elapsing between the date of arraignment and the date of the motion to withdraw the pleas of not guilty in the case at bar was only sixteen days, a delay not nearly as great as the delay in the Brooks case, and the attack on the indictment here presents as serious a question as the attack on the indictment there.

■ Article 227 of the Code of Criminal procedure provides that: "The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used."

But the charge laid in the indictment should be sufficiently specific to enable the defendant to prepare his defense, and if the mere following of the words of the statute does not give this information, then to charge in the words of the statute is to do no more than to charge a conclusion of law. State v. Mines, 137 La. 489, 68 So. 837. Thus the charge that de-

fendant did "keep a disorderly tavern" is not sufficient. The indictment should specify in what the disorder consisted. State v. Foster, 112 La. 746, 36 So. 670.

 Other than sending up the original record, no return has been made by the respondents to the process of this Court. The record does not disclose under what law relators are being prosecuted in this case. We assume it is Act No. 31 of 1886, as amended by Act No. 227 of 1934, which denounces, defines and punishes disturbances of the peace in public streets, on highways, in or near private houses, or elsewhere. If we are correct in our assumption, it is clear that the indictment in this case does not charge any offense in the words of the statute, or in words unequivocally conveying the meaning of the statute. A mere reading of the statute discloses that a number of acts or offenses, necessarily different and distinct, are embraced within its terms as constituting disturbances of the peace. An indictment under such a statute must unquestionably charge, with the degree of certainty and particularity required in criminal proceedings, the commission of some one of these acts or offenses. 8 Am. Jur., sec 12, p. 839.

 In view of the fact that relators were arraigned without the assistance of counsel and that the motion to quash alleges in effect that the indictment contains merely a conclusion of law, and not a necessary recital of facts, that relators committed the offense of disturbing the peace, we think the trial judge should have permitted relators to withdraw their pleas of not guilty and to file the motion to quash. The bill of exception under which the point was reserved is well founded and must be sustained.

For the reasons assigned, the convictions and sentences of the relators herein complained of are annulled and this case is remanded to the district court for further proceedings consistent with the views herein expressed.

On Rehearing.

FOURNET, Justice.

We granted a rehearing in this case upon application of the State of Louisiana and its showing that relators, Taylor Lirette, Wilson Pellegrin, Andrew Verdin, Joseph Verdin, Gerard Parfait, Chester Fitch, Joe Scott, and Dennis Parfait, had acquiesced in the judgment and sentence of the lower court in that they paid the respective fines imposed upon them and were released by the sheriff prior to the date upon which the sheriff's office was apprised of the fact that we had granted writs in this case, as reflected in the sheriff's return, which had not been called to our attention.

It is unnecessary to restate the facts and issues in this case, for they have been accurately stated and properly disposed of in our original opinion, with the exception of the point which is now before us for consideration.

 It is the well settled jurisprudence of this state that an order or judgment of an inferior court will not be reviewed

either by appeal or certiorari when it is shown that the order or judgment has been acquiesced in by the party complaining. Marr's Criminal Jurisprudence of Louisiana, 2d Ed., Volume 2, Section 755; State v. Richard et al., 127 La. 413, 53 So. 669; and State v. Brewer, 135 La. 208, 65 So. 111.

In support of the rehearing granted in this case, the state filed a supplemental return showing the dates upon which relators paid their fines, supported by an ex parte affidavit of a deputy sheriff stating that they were paid to him "voluntarily and before the writs issued had reached or could have reached the Parish of Terrebonne."

On the other hand the above named relators have also filed affidavits in this court stating, in effect, that their application for writs of certiorari, prohibition, and mandamus filed here on November 2, 1938, was presented to and served on the district judge and the district attorney on the day of their conviction and sentence, October 31, 1938, and service accepted by them on the same day; that immediately thereafter the judge was requested to suspend the execution of the judgment until this court had an opportunity to pass upon their application for writs, and that they, in the meantime, be released on bond, which request was refused; that being without a relief or remedy, they were faced with the dilemma of serving the jail sentence, which could never be recalled, or of paying the fines, which, if granted the relief sought, could be recovered, and having been actually placed in jail—some having served as many as four days—they paid their respective fines, but that in doing so had no intention of acquiescing in the judgment and sentence of the court, nor of abandoning their application for relief to this court.

■ ▇ Of course if relators in this case paid their fines to avoid remaining in jail after the district judge had refused them bail, they did not, in our opinion, acquiesce in the judgment nor abandon their application for relief to this court, but we cannot pass on that issue on the record as made up by ex parte statements which are contradictory. In the interest of justice we shall remand the case to the lower court for the purpose of having the record completed regularly and that issue determined.

For the reasons assigned our original decree, except in so far as it affects Wilton Parfait, is annulled and set aside, and the case is remanded to the lower court for further proceedings consistent with the views herein expressed.