EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. HÉCTOR RUIZ SOMOHANO, recurrido; JUAN GÉIGEL BLONDET, interventor.

*Número:* C-64-83       *Resuelto:* 25 de junio de 1965

*J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados del peticionario; *Francisco A. Gil, Jr.* y *Gilberto Gierbolini,* abogados del interventor.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El día 14 de junio de 1963, en el Tribunal de Distrito de Puerto Rico, Sala de San Juan, se presentó contra el señor Juan Géigel Blondet una denuncia por una infracción al Art. II del Capítulo V de la Ley Núm. 141 de 20 de julio de 1960, conocida como la Ley de Vehículos y Tránsito de Puerto Rico, y visto el caso ante dicha sala el día 23 de agosto de 1963, se dictó sentencia contra el señor Géigel Blondet, condenándolo a pagar una multa de cien dólares o a cumplir noventa días de cárcel. Ese mismo día se pagó la multa y el día 27 de agosto de 1953 se apeló de la sentencia para ante el Tribunal Superior de Puerto Rico, Sala de San Juan. El

señor Fiscal del Tribunal Superior de Puerto Rico, Sala de San Juan, Lic. Zoilo Dueño González, presentó ante dicha última Sala una moción para desestimar alegando el hecho del pago de la multa y la falta de jurisdicción del Tribunal recurrido para actuar después del pago de la multa impuesta.

La moción para desestimar fue declarada sin lugar y solicitada la reconsideración, la ilustrada Sala recurrida declaró también sin lugar la reconsideración por el siguiente fundamento: "Si bien es cierto que las jurisdicciones americanas sostienen la doctrina mayoritaria al efecto de que se renuncia al derecho de apelación cuando se paga una multa, creemos que esta regla no debe ser absoluta e inflexible. Antes de hacer una determinación sobre el particular el Tribunal apelativo deberá tener ante sí aquellos elementos de juicio, necesarios que le permitan examinar la voluntariedad o involuntariedad del pago de dicha multa para adoptar entonces una norma justa y razonable, encaminada a hacer justicia conforme a los hechos que presenta el caso." A solicitud del señor Procurador General de Puerto Rico expedimos un auto de *certiorari* para revisar la resolución que declarara sin lugar la reconsideración.

No hay duda que desde nuestra decisión en el caso de *Pueblo* v. *Ruiz, Jr.*, 42 D.P.R. 288 (Aldrey), (1931), cita precisa a las págs. 289–290, ha quedado establecido en Puerto Rico que "la existencia de una controversia actual es un requisito necesario para nuestra jurisdicción en apelación y que en ausencia de tal controversia, la apelación de una sentencia cumplida debe ser desestimada", y así, "cuando un acusado paga la multa a que ha sido condenado abandona su derecho de apelación". La ilustrada representación del interventor nos argumenta, que nuestra opinión en el caso de *Ruiz*, emitida en el año 1931, debe ser ajustada a los nuevos criterios, minoritarios aún, adoptados por la jurisprudencia norteamericana, en el sentido, de permitir la apelación después del pago de la multa.

La dificultad que vemos es que la regla sentada en el caso de *Ruiz* no es exactamente una regla jurisprudencial, sino más bien una regla mitad jurisprudencial y mitad norma legislativa, pues en ella examinamos, además de la ausencia de controversia judicial de que adolece una sentencia cumplida, el único pronunciamiento jurisprudencial que contiene la decisión, la disposición del Art. 329 de nuestro anterior Código de Enjuiciamiento Criminal preceptivo de que "si la sentencia es a prisión, o al pago de una multa y prisión hasta que la multa sea satisfecha, el reo deberá ser confiado sin demora al cuidado del oficial correspondiente, y será detenido por éste hasta que la sentencia se haya cumplido" y la disposición del Art. 374, según enmendado hasta aquella fecha por la Ley Núm. 12 1/2 de 27 de abril de 1921 que disponía: "Después de convicto un acusado de delito que no sea castigable con reclusión perpetua será obligación del tribunal señalar fianza al acusado si éste entablare el recurso de apelación para ante el Tribunal Superior que corresponda." La posterior enmienda del Art. 374 del Código de Enjuiciamiento Criminal de Puerto Rico, en virtud de la Ley Núm. 61 de 20 de abril de 1949, sólo limita el derecho a fianza, como cuestión de derecho, cuando se apela de una sentencia imponiendo una multa o imponiendo cárcel en delito menos grave. En fecha tan reciente como la que indica la adopción de las nuevas Reglas de Procedimiento Criminal de 1963, se sigue el mismo principio de encarcelación automática por falta de pago de la multa impuesta a menos que se entable recurso de apelación y se preste una fianza, que prevalecía cuando se decidió el caso de *Ruiz*. La Regla 172 dispone que: "Cuando el tribunal dictare sentencia condenando al acusado al pago de una multa, si éste dejare de satisfacerla inmediatamente será encarcelado por falta de dicho pago y permanecerá en reclusión un día por cada dólar que dejare de satisfacer, sin que esta prisión subsidiaria pueda exceder de noventa días"; la Regla 177 dispone: "Si la

sentencia fuere por condena´ a prisión, el acusado será trasladado sin demora al cuidado del funcionario correspondiente y será detenido por éste hasta que la sentencia se hubiere cumplido. Lo mismo se hará si la sentencia fuere para el pago de una multa y prisión subsidiaria, cuando la multa no fuere satisfecha. Si después de haber empezado a cumplir la sentencia subsidiaria por falta del citado pago, el confinado deseare satisfacer la multa se le abonará un dólar por cada día de reclusión que hubiere sufrido por tal falta de pago"; la Regla 198, dispone: "Después de convicto un acusado de un delito que no apareje pena de reclusión perpetua, si el acusado entablare recurso de apelación o de certiorari para ante el Tribunal Supremo, se admitirá fianza: (a) Como cuestión de derecho, cuando se apele de una sentencia imponiendo solamente el pago de multa. (b) Como cuestión de derecho, cuando se apele de una sentencia imponiendo cárcel en delitos menos graves (*misdemeanors*). (c) A discreción del Tribunal sentenciador o del Tribunal Supremo, o de uno de sus Jueces, en todos los demás casos. No se admitirá fianza en estos últimos casos cuando el recurso entablado no plantee una cuestión sustancial o cuando la naturaleza del delito o el carácter y antecedentes penales del acusado aconsejen, a juicio del tribunal y. para la protección de la sociedad, la reclusión del convicto mientras se ventile el recurso. No se admitirá fianza alguna en estos casos sin antes dar al fiscal de la sala correspondiente oportunidad de ser oído. Salvo situaciones de´ verdadera urgencia o cuando ello resultare impracticable, la solicitud de fianza deberá someterse al tribunal sentenciador y si éste la negare podrá presentarse al Tribunal Supremo o a uno de sus jueces, acompañada de copias certificadas de la solicitud hecha al tribunal sentenciador y de su dictamen, de una transcripción de la prueba, si se hubiere presentado alguna, y de un breve informe exponiendo las razones por las cuales se considera errónea la resolución."

No creemos que mediante el simple pago de una multa se pueda dejar sin efecto, las disposiciones de las Reglas 172 y 177 ordenando la encarcelación inmediata a menos que se preste una fianza dentro de un procedimiento de apelación, después de fijarse por el propio Juez sentenciador u otro Juez del Tribunal ante el cual se ventiló el proceso, la cuantía de la fianza en apelación a prestarse, de acuerdo con las circunstancias peculiares de cada caso, según lo autoriza la Regla 198. Cualquier obnubilación de la autoridad judicial, en este extremo, podría dejar sin fundamento la norma legislativa que consagra la concesión de fianza, como cuestión de derecho, en todos los casos en que la sentencia sea una multa.

*La resolución de 17 de septiembre de 1964 del Tribunal Superior de Puerto Rico, Sala de San Juan, debe ser revocada y dictarse otra ordenando la desestimación solicitada por el señor Procurador General de Puerto Rico.*