328 So.2d 65 (1976)
STATE of Louisiana
v.
Bruce W. MORRIS.
No. 57012.
Supreme Court of Louisiana.
February 23, 1976.
Darrell D. White, White & May, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant Morris was convicted of possession of marijuana as a second offender, La.R.S. 40:966(D)(2), and sentenced to pay a fine of $250.00 plus costs or in default thereof to be confined in the parish jail for ninety days, and to serve six months in the parish jail. The six month jail sentence was suspended and defendant was placed on probation for one year. Defendant timely appealed from the judgment of conviction. However, we are now advised by counsel that defendant paid the $250.00 fine before the order of appeal was granted, and that the defendant died on October 5, 1975.
The State argues that either the payment of the fine or defendant's death renders *66 the case moot and necessitates a dismissal of the appeal. The defense attorney, on the other hand, contends the case remains in a justiciable posture, and urges a reversal of the conviction.

Payment of the Fine
Louisiana has adopted the view that the satisfaction of the sentence renders the case moot so as to preclude review of or attack on the conviction or sentence.City of Lafayette v. Trahan, 157 La. 305, 102 So. 409 (1924); State ex rel. Perilloux v. Wilder, 50 La.Ann. 388, 23 So. 203 (1898); State ex rel. Lamarque v. Burthe, 39 La.Ann. 328, 1 So. 652 (1887). This is the majority rule followed by many jurisdictions, e.g., State v. Henkel, 23 Conn. Sup. 135, 1 Conn.Cir. 156, 177 A.2d 684 (1961);People v. Pyrros, 323 Mich. 329, 35 N.W.2d 281 (1948); Stucki v. Oklahoma City, 31 Okl.Cr. 155, 236 P. 900 (1925); Thomas v. Montcalm Circuit Judge, 228 Mich. 44, 199 N.W. 610 (1924); Kitchens v. State, 4 Ga.App. 440, 61 S.E. 736 (1908). However, a growing number of courts permit review after satisfaction of the sentence if the accused will, as a result of the conviction, suffer collateral disabilities apart from the sentence. St. Pierre v. United States, 319 U.S. 41, 63 S. Ct. 910, 87 L.Ed. 1199 (1943); United States v. Galante, 298 F.2d 72, 100 A.L.R.2d 431 (2d Cir. 1962). Some jurisdictions have adopted the liberal view that an accused's interest in clearing his name is enough to warrant review of or attack on the conviction or sentence even though the sentence has been satisfied. State v. Superior Court of Maricopa County, 93 Ariz. 351, 380 P.2d 1009 (1963); Jackson v. People, 151 Colo. 171, 376 P.2d 991 (1962); People v. Shambley, 4 Ill.2d 38, 122 N.E.2d 172 (1954); Annotation, 9 A.L.R.3rd 462 (1966).
The instant case poses squarely for the first time in Louisiana the question of whether payment of a fine, which does not satisfy the judgment, will render the case moot. In State v. Brewer, 135 La. 208, 65 So. 111 (1914) we dismissed the appeal of a defendant who had been convicted and sentenced to pay $20.00 semi-monthly for the support of his children on the ground that he had acquiesced in the order of the court by making the first $20.00 payment. However, the opinion is silent as to whether an additional sentence of imprisonment had been imposed, as in the instant case, or whether the defendant had completely complied with the court's judgment at the time his appeal was dismissed. Further ambiguity was created by language in Brewer, and in the later case of State v. Verdin, 192 La. 275, 187 So. 666 (1939), indicating that even full satisfaction of a sentence by payment of a fine would not amount to acquiescence in the judgment or abandonment of an appeal if a defendant could prove by sufficient evidence that he had a contrary intention.
We think the clearer and more realistic rule is that the payment of a fine which does not satisfy the court's judgment will not render the case moot. Most criminal defendants who pay their fines probably do so to avoid incarceration. To find that an accused has acquiesced in the court's judgment from this fact alone is clearly a legal fiction. Even where a sentence of imprisonment has been suspended, the accused is under a burdensome restraint and a threat of incarceration. If he challenges the judicial determination of his guilt on grounds otherwise cognizable on appeal, review should be permitted. American Bar Association Standards for Criminal Justice, Criminal Appeals Standard § 1.3. Although there are few cases in other jurisdictions considering this precise question, our conclusion is in accord with the decisions in Perry v. State, 62 Ga.App. 115, 8 S.E.2d 425 (1940) and State v. Swikert, 65 Or. 286, 132 P. 709 (1913), and we have found no convincing authority to the contrary. Cf. State v. Massa, 90 Kan. 129, 132 P. 1182 (1913).
*67 Furthermore, although we do not reach a constitutional issue here, we note that the rule we adopt is in keeping with the requirement that there must be an intelligent waiver of the constitutional right to judicial review of a criminal conviction. La.Const. Art. 1, § 19 (1974). Accordingly, we hold that the payment of a fine by the defendant, which did not satisfy the judgment against him, did not constitute a waiver of his right to appeal or render the case moot.

Defendant's Death
If this were a civil proceeding we would be guided by the statutes and court rules providing for substitution of parties. La. C.C.P. arts. 428, 801-807; Rules of Supreme Court of Louisiana, Rule XIII. At least one state by court rule has allowed substitution of a defendant's legal representative in a criminal case upon the defendant's death. City of Newark v. Pulverman, 12 N.J. 105, 95 A.2d 889 (1953). But Louisiana has no provision governing the disposition of a criminal case in this event, and the question appears to be res nova.
Most courts which have considered the matter have recognized the rule that death pending appeal of a defendant convicted of a criminal offense abates not only the appeal, but likewise all proceedings had in the prosecution from its inception. For collection of authorities too numerous for citation see Annotations, 83 A.L.R.2d 864 (1962), 9 A.L.R.3rd 462, 496 (1966). A number of reasons are advanced for the rule. The purposes for enforcement of criminal laws are the punishment and reform of the guilty and the protection of the public; the removal of the defendant by death prevents the execution of any sentence in furtherance of these objectives. Further consideration of such a case by the courts is pointless because an affirmance of the conviction would not enable the State to execute the judgment against the deceased. A decision of the appeal would not necessarily produce a vindication of the defendant; appellate disposition, even if reversible error is found, does not guarantee a judgment of acquittal. Often, the appeal results only in a new trial, for which the deceased would be unavailable. State v. Carter, 299 A.2d 891 (Me.1973); Hartwell v. State, 423 P.2d 282 (Alaska 1967); Raymond v. State, 246 Ind. 422, 206 N.E.2d 139 (1965); Bagley v. Florida, 122 So.2d 789 (Fla.App. 1960); State v. Kriechbaum, 219 Iowa 457, 258 N.W. 110 (1934). Nevertheless, the surviving family has an interest in preserving, unstained, the memory of the deceased defendant or his reputation. This interest is of sufficient legal significance to require that a judgment of conviction not be permitted to become a final and definitive judgment of record when its validity or correctness has not been finally determined because the defendant's death has caused a pending appeal to be dismissed. State v. Carter, supra; State v. Kriechbaum, supra; Bagley v. Florida, supra.
There is authority to the contrary. See Annotations, 9 A.L.R.3rd 462 (1966); 83 A.L.R.2d 864 (1962). The courts holding a different view, however, either fail to give any reasons for the position taken, e.g., Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531, 18 Cr.L.R. 4138 (1976) (which appears inconsistent with the decision by the Supreme Court in Durham v. United States, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971)), or, in our opinion, do not advance reasons as sound as those given for the majority rule. Accordingly, we adopt the majority rule and hold that because of defendant's death while the appeal was pending, the judgment of conviction must be vacated and all proceedings in the prosecution abated from its inception.
Hence, the appeal in this case is dismissed, the judgment of conviction is vacated, and the case is remanded to the district court with instructions to dismiss the bill of information.
*68 SUMMERS, J., concurs with reasons.
SUMMERS, Justice (concurring).
While acknowledging that Louisiana has adopted the majority view that the satisfaction of the sentence renders the case moot so as to preclude appeal of or attack on the conviction or sentence, the Court seems to cast doubt upon the validity of that rule by stating the contrary view without deciding which is to prevail hereafter.
The Court then repudiates the rule that has been recognized in this State that acquiescence in a criminal judgment amounts to an abandonment of an appeal. State v. Verdin, 192 La. 275, 187 So. 666 (1939); State v. Brewer, 135 La. 208, 65 So. 111 (1914); State v. Richard et al, 127 La. 413, 53 So. 669 (1910); 2 Marr's Criminal Jurisprudence of Louisiana § 755 (2d ed. 1923).
In State v. Verdin, supra, the rule was stated thus:
"It is the well settled jurisprudence of this state that an order or judgment of an inferior court will not be reviewed either by appeal or certiorari when it is shown that the order or judgment has been acquiesced in by the party complaining."
In State v. Richard where a defendant had begun serving his sentence, not fully satisfied, the Court held that he had abandoned his appeal and refused to take further action on his appeal, holding that the case was not before the Court.
In State v. Brewer the defendant was ordered to pay semimonthly payments for support of his children. After making one payment his appeal was dismissed because he was considered to have acquiesced in the judgment. He had not fully satisfied the judgment.
The reasons for the rule of these cases is expressed in City of Lafayette v. Trahan, 157 La. 305, 102 So. 409 (1924), where a motion for a new trial was filed after the fine imposed had been paid:
"Now this much at least can be said of a motion for a new trial made after judgment but before execution, or even after appeal taken, to wit, that the sentence of the court has not yet become a `fait accompli'; and such a motion if allowed might yet result in some relief for the accused. But a motion for a new trial made after the judgment of the court has been fully executed, can avail the accused nothing whatsoever. A new trial cannot restore life to him who has been hanged; it cannot set free one who, having served his term of imprisonment, is already restored to liberty; it cannot direct the return of a fine already paid into the fisc; hence, such a motion, or an appeal taken from a refusal to allow the same, presents only aMoot question and must be dealt with accordingly."
These reasons also apply to appeals after execution of the judgment.
Today the Court announces the rule to be that the payment of a fine which does not entirely satisfy the court's judgment will not render the case moot. This choice is based on decisions in a 1913 Oregon case and a 1940 Georgia appeals case.
I would not overrule the long-standing rule in Louisiana that acquiescence in a criminal judgment renders the case moot and amounts to an abandonment of the right to an appeal. The reasons assigned for doing so are not persuasive. The result of the bifurcated rule the Court adopts is to permit an appeal of a part of a case, without deciding what is to become of the satisfied portion of the judgment.
Notwithstanding the views expressed on the effect of acquiescence in the judgment in a criminal case, the instant decision is not based on that proposition, and the views expressed on that subject are therefore dicta and unnecessary to the decision.

*69 The case turns on the holding that the defendant's death while the appeal was pending requires that the judgment appealed from be vacated and all proceedings in the prosecution must be abated. I subscribe to this latter view and therefore concur in the result reached.