395 So.2d 757 (1981)
STATE of Louisiana
v.
George McCLOW.
No. 80-K-2182.
Supreme Court of Louisiana.
March 2, 1981.
*758 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael Fanning, Louise Korns, John Craft, Asst. Dist. Attys., for plaintiff-respondent.
WATKINS, Justice Ad Hoc.[*]
George McClow was convicted with two co-defendants of distributing heroin, in violation of LSA-R.S. 40:966(A). All defendants appealed. The Attorney General's office was erroneously informed that defendant McClow had died. The Assistant Attorney General so informed this Court, and this Court, acting upon that mistaken belief, vacated McClow's conviction, ordering all proceedings against McClow abated ab initio, while it affirmed the convictions of the co-defendants. State v. Anderson, 364 So.2d 566 (La.1978).
When McClow was informed in 1980 that his conviction had been vacated, he applied for a writ of habeas corpus, which was denied by the trial court. McClow applied to this Court for supervisory writs, which were granted.
Abatement ab initio of criminal proceedings has the effect of wiping the slate clean through indictment and conviction, (see State v. Hamilton, 370 So.2d 874 (La. 1979), for example, in which a co-defendant was correctly reported to have died)), and, as McClow admits, has as its purpose serving the interest of the surviving family in preserving, unstained, the memory of the deceased defendant or his reputation. State v. Morris, 328 So.2d 65 (La.1976).
The defendant McClow contends that denying the habeas corpus would subject defendant to continued imprisonment after his conviction had been vacated, thus in effect subjecting McClow to double jeopardy.
In support of defendant's contention of double jeopardy, defendant cites State v. Neames, 377 So.2d 1018 (La.1978). In Neames, defendant was convicted of making harassing telephone calls. He was sentenced to two years in parish prison. The trial court later set aside Neames' conviction and sentence, and on its own motion, substituted a plea of not guilty by reason of *759 insanity and ordered defendant committed to a mental hospital for examination. Neames questioned the commitment by habeas corpus and the trial court vacated the commitment and reinstated the conviction and sentence. This Court held that the reinstatement of the conviction subjected defendant to double jeopardy, in violation of Article 1, Section 15 of the Louisiana Constitution of 1974.
In Neames, unlike the present case, the vacating of the conviction was based upon a substantive issue, viz. the sanity of the defendant at the time the crime was allegedly committed. The present case presents no substantive issue pertaining to the crime alleged, distribution of heroin, nor does it present any form of procedural irregularity.[1] The error was simply one of assuming that this Court no longer had power over the defendant because the defendant had died. We cannot set aside a conviction on the grounds of double jeopardy where there was no prior determination of lack of guilt on a point of fact or procedure. The error upon which the abatement was based touched neither substance nor procedure, and hence does not present a true issue of double jeopardy. We hold that the trial court acted correctly in denying the writ of habeas corpus.
Under LSA-C.Cr.P. art. 922 a judgment of this Court in a criminal matter becomes final when the delay for applying for a rehearing has expired (14 days of rendition of judgment). That procedural situation is presented here with regard to our earlier disposition of McClow's conviction. This Court through no fault of its own was led to believe in rendering the earlier judgment that McClow was dead, when in fact he was, and is, alive. We, therefore, ordered abatement ab initio of the proceedings against McClow, and thus appeared to set aside both conviction and indictment. In so doing, we acted upon incorrect information. This Court has the inherent power, under the factual situation that confronts us, in the furtherance of its duty to administer justice, to rescind our earlier abatement order. To do otherwise would be to set aside a conviction, without a consideration of the true merits of an appeal, on an erroneous conclusion of fact that fails both to protect the general public and to give defendant an opportunity on the true merits, procedural or substantive, of the appeal to clear his name. The court would thereby demean its legitimate authority, and make an erroneous "fact" not having anything to do with ultimate conviction or acquittal the basis of a final and immutable decision of the state's highest court. This we refuse to do. We, therefore, while denying the writ of habeas corpus, rescind our earlier judgment abating the proceeding ab initio, and reinstate the defendant's appeal before this Court which was pending when we rendered our original decision in this matter.
WRIT DENIED, APPEAL REINSTATED.
WATSON, J., concurs in the result.
NOTES
[*] Judges Ellis, Cole and Watkins of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Watson, and Lemmon.
[1] This case is thus unlike, for example, State v. Reed, 315 So.2d 703 (La.1975), which involved issues of substance and procedure.