438 So.2d 1229 (1983)
STATE of Louisiana, Appellee,
v.
Clyde Marvin BEASLEY, Appellant.
No. CR83-90.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
Jerry B. Daye, Ferriday, for appellant.
John Sturgeon, Dist. Atty., Vidalia, for appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
FORET, Judge.
Clyde M. Beasley (defendant) was indicted by the Concordia Parish Grand Jury for the second degree murder of his wife, Glenda Beasley, in violation of LSA-R.S. 14:30.1. Defendant entered a plea of not guilty to the charge. Subsequently, he was tried by a jury and found guilty as charged. The trial court then sentenced him to imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for a period of forty years. Defendant's oral motion for an appeal to this Court was granted.
On March 26, 1983, while this appeal was pending, defendant died. Thus, the prosecution against him is abated. State v. Hamilton, 370 So.2d 874 (La.1979); State v. Ferina, 351 So.2d 1200 (La.1977); State v. Morris, 328 So.2d 65 (La.1976). Abatement ab initio of criminal proceedings has the effect of wiping the slate clean through indictment and conviction, and has as its purpose the consideration of the interest of the surviving family in preserving, unstained, the memory of the deceased defendant or his reputation. State v. McClow, 395 So.2d 757 (La.1981); State v. Morris, supra.

DECREE
Accordingly, this appeal is dismissed, the judgment of conviction is vacated, and the case is remanded to the trial court with instructions to dismiss the indictment against defendant.
*1230 APPEAL DISMISSED; MATTER REMANDED WITH INSTRUCTIONS.
DOMENGEAUX, J., concurs and assigns brief reasons.
DOMENGEAUX, Judge, concurring.
I agree herein because we have no choice but to follow the mandate of the Louisiana Supreme Court set out in the three cases cited in the majority opinion, and particularly the Morris case which elucidates on the status of a convicted defendant's appeal when that defendant has died in the interim between the appeal and its hearing. I respectfully suggest, however, that the Morris case, which does recognize two jurisprudential lines of thought on the subject, runs afoul of the United States Supreme Court case of Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531, 18 Cr.L.R. 4138 (1976), which overruled its previous Durham v. United States, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971) case (cited in Morris). I feel that under Dove we would have to dismiss the appeal herein as being moot, but not order the sentence vacated and the indictment dismissed.