KNOLL, Justice,
dissenting.
|,I agree with the majority opinion’s determination that the addition of La. Const, art. I, § 19 of the 1974 Constitution did not create a new right of review that did not theretofore exist. However, in my view, I would adopt the federal rule which recognizes a criminal case should be considered moot only if it shown there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. See Sibron v. New York, 392 U.S. 40, 51, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). See also Spencer v. Kemna, 523 U.S. 1, 7-12, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Accordingly, for the following reasons, I respectfully dissent from the majority’s continued application of the “traditional” rule recognized in State v. Morris, 328 So.2d 65 (La.1976).
La. Const, art. I, § 19 provides:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law. (Emphasis added).
I find that by mechanically applying Morris and State v. Verdin, 192 La. 275, 187 So. 666 (1939), the majority fails to differentiate between the underlying conviction, simple battery, and the criminal penalty for having been adjudicated guilty of that charged offense. The United States Constitution provides that no person shall be “deprived of life, liberty, or property without due process of law.” The Fifth Amendment applies this limitation to *126 the federal government, while the ^Fourteenth Amendment imposes the same restriction on the states. Implicit in the due process clause is the protection of an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Thus, an accused has a constitutional right to appellate review of the evidence which determines whether the record could reasonably support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Goodjoint, 30,727 (La.App. 2 Cir. 6/24/98), 716 So.2d 139, 142; State v. Bosley, 29,253 (La.App.2 Cir. 04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. Noteworthy in the present case is the fact defendant timely applied to the court of appeal for writ of review based not upon an attack on the fine imposed; rather, the writ of review was premised on whether the evidence was sufficient to convict him of simple battery. To me this distinction is one which makes a significant difference.
Moreover, it is the defendant’s simple battery conviction which forms the basis for the collateral consequences which flow from that conviction. As the majority opinion acknowledges, there is a civil proceeding pending against him arising from this incident in which he was sued for damages, and under some legal theories, the criminal conviction may be used against him. More than any property right in recovery of the fine, the defendant seeks to review the underlying criminal conviction. It is this property right which moves me to reject the “traditional” rule enunciated in State v. Morris.
Furthermore, I find it important that the “traditional” mootness rule was one fashioned jurisprudentially. Because of the fact that “one of the fundamental rules of [the civil law tradition] is that a tribunal is never bound by the decisions which it ^formerly rendered, it can always change its mind,” 1 Marcel Planiol, Treatise on the Civil Law § 123, (La. State Law Inst, trans. 1959) (12th ed.1939), prior holdings by this court are persuasive, not authoritative, expressions of the law. See A.N. Yiannopoulos, Louisiana Civil Law System § 35, p. 53, 54 (1977). Moreover, jurisprudence, even when it arises to the level of jurisprudence constante, is a secondary law source. See Alvin B. Rubin, Hazards of a Civilian Venturer in Federal Court: Travel and Travail on the Erie Railroad, 48 La. L.Rev. 1369, 1372 (1988). Judicial decisions are not intended to be an authoritative source of law, and, thus, the civilian tradition does not recognize the doctrine of stare decisis. Doerr v. Mobil Oil Corp., 00-0947 (La.12/19/00), 774 So.2d 119, 128. Rather, because of Louisiana’s civilian tradition, our court must begin every legal analysis by examining primary sources of law, consisting of legislation (constitution, codes, and statutes) and custom. See La. Civ.Code art. 1.
Against that backdrop, it is readily apparent that today’s society is far more litigious than the ones that existed in 1939 and 1976, the respective dates of State v. Verdin, supra, and State v. Morris, supra. In such a setting, collateral consequences, such as the one involved in the case sub judice, are now far more relevant and consequential. Because of that societal change and our role as a court which functions in a civil law tradition, I find it necessary for this Court to adjust its stance on mootness in the criminal setting and adopt the federal rule.