WEIMER, J.,
dissenting.
hi respectfully dissent from the majority’s decision to adhere to the so-called *127 “traditional rule” in assessing whether the satisfaction of a sentence in a criminal case renders that case moot and, thus, insulated from appellate review. As thoroughly and comprehensively outlined by the majority, the rule as it has been applied in Louisiana is not a bright line rule, but one subject to exceptions. Those exceptions recognize, both explicitly and implicitly, that the idea that payment of a fine as an alternative to incarceration signifies an acquiescence in the conviction and sentence, rendering the case moot, is a legal fiction. State v. Morris, 328 So.2d 65, 66 (La.1976) (“Most criminal defendants who pay their fines probably do so to avoid incarceration. To find that an accused has acquiesced in the court’s judgment from this fact alone is clearly a legal fiction.”). Strict adherence to that fiction in this case effectively elevates form over substance. A defendant like Mr. Malone, faced with a criminal conviction through which he can avoid incarceration by the expedient of paying a fine, must follow a precisely timed course of action in order to preserve the constitutionally guaranteed right to judicial review, setting a potential trap for the | gprocedurally unwary.[1] It is time to abandon the fiction that the timing of the payment of a fine is somehow dispositive of the intent to acquiesce in a conviction and sentence. Under these circumstances, none of the policies supporting the mootness doctrine — the need for antagonistic parties whose vigorous arguments will sharpen the issues — are served by continued adherence to the “traditional rule.” Rather, to give meaning to the requirement that there be an intelligent waiver of the constitutional right to judicial review of a criminal conviction, I would propose that the federal rule be adopted, to the end that satisfaction of sentence will render a case moot unless the defendant, as here, suffers collateral consequences.
Although, as I have previously cautioned, once this court has ruled on an issue, we should be extremely reluctant to change our position, as both the legislature and society should be able to rely on the finality of our decisions, Borel v. Young, 07-419, p. 21 (La.11/27/07), 989 So.2d 42, 65 (on reh’g), in this case there is no specific statute addressing the issue and, thus, no legislative pronouncement of which we might run afoul in continued adherence to the jurisprudential rule. Further, the rule which has been followed by this court is a procedural one which results, as in this case, in the unknowing and unintended forfeiture of a constitutional right.

. LSA-C.Cr.P. art. 888, as written, required the defendant in this case to pay costs and any fines "immediately.”