GREMILLION, Judge.
hDue to the procedural posture of this appeal, the underlying facts are neither known nor relevant. Although this court received a notice of appeal in late December 2013, the appeal has never been lodged. On February 28, 2014, Defendant’s counsel filed a “Notice of Death of Appellant; Motion for Summary Reversal.” Counsel cited jurisprudence to support the reversal; also, he attached a copy of Defendant’s newspaper obituary. Subsequently, counsel supplied a death certificate.
In light of Defendant’s death, the court notes one of its earlier opinions:
[Djefense counsel filed a “Motion to Vacate the Judgments of Conviction and Abate Prosecution Ab Initio” with this court. Defense counsel asserts that, under the cited jurisprudence, a defendant’s convictions and sentences should be vacated and the prosecution voided ab initio when that defendant dies during the pendency of his appeal. State v. Harvey, 94-343, p. 1 (La.10/20/94), 644 So.2d 371, 371 (citing State v. McClow, 364 So.2d 566, 566 (La.1978); State v. Morris, 328 So.2d 65, 67 (La.1976)); State v. Burton, 46,552, p. 1 (La.App. 2 Cir. 9/21/11), 74 So.3d 253, 253-54.
Examination of the law and cited jurisprudence confirms that relief is due based on the facts in this case. Accordingly, Defendant’s convictions and sentence are vacated and all proceedings in this prosecution are abated from their inception.
State v. Bowden, 12-1352, p. 1 (La.App. 3 Cir. 1/9/13), 106 So.3d 308, 308.
Information received from the district court clerk’s office indicates that Reado was convicted of manslaughter. Pursuant to Bowden, Defendant’s conviction and sentence are reversed and the prosecution voided ab initio.
CONVICTION AND SENTENCE VACATED; PROSECUTION ABATED FROM INCEPTION.