NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

22-235

STATE OF LOUISIANA

VERSUS

TERRY LEMAIRE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 65839
HONORABLE THOMAS JAMES FREDERICK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GARY J. ORTEGO**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, D. Kent Savoie, and Gary J. Ortego, Judges.

**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.**

**Donald Dale Landry**
**District Attorney, 15th Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**


**Holli Ann Herrle-Castillo**
**Louisiana Appellate Project**
**P. O. Box 2333**
**Marrero, LA 70073**
**(504) 345-2801**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Terry LeMaire**

**Ortego, Judge.**

Due to the procedural posture of this appeal, the underlying facts are neither known nor relevant. This court received a letter from the Louisiana Appellate Project on February 28, 2022, indicating attorney Holli Herrle-Castillo had been appointed to represent Defendant on appeal, which was to be lodged with this court by June 2, 2022. On April 13, 2022, counsel for Defendant filed a "Notice of Death of Client, Motion to Vacate the Judgment of Conviction and Abate Prosecution *Ab Initio* in the Unlodged Appeal." Counsel subsequently provided a letter from the Iberville Parish Coroner stating Defendant died at Elayn Hunt Correctional Center on February 17, 2022. Louisiana Revised Statutes 44:19(E)(1) provides that "[a] fact of death letter is a written statement attesting to the fact of death, which shall constitute proof of death for all purposes . . . ."

Counsel's motion cites *State v. Harvey*, 94-343 (La. 10/20/94), 644 So.2d 371; *State v. Anderson*, 364 So.2d 566 (La.1978) (per curiam); *State v. Morris*, 328 So.2d 65 (La.1976), *overruled by State v. Gleason*, 21-1788 (La. 11/10/22), ___ So.3d ___; *State v. Burton*, 46,552 (La.App. 2 Cir. 9/21/11), 74 So.3d 253 (per curiam); *State v. Bowden*, 12-1352 (La.App. 3 Cir. 1/9/13), 106 So.3d 308; and *State v. Hamilton*, 370 So.2d 874 (La.1979) (per curiam), in support of her assertion that the conviction and sentence should be vacated and the proceedings abated from their inception.

On November 10, 2022, the supreme court held:

> The abatement *ab initio* doctrine is obsolete and inconsistent with our positive law. To abate a conviction would be as to say there has been no crime and there is no victim. Accordingly, we abandon the doctrine and hold that when a defendant dies during the pendency of an appeal, the appeal shall be dismissed and the trial court shall enter a notation in the record that the conviction removed the defendant's presumption of innocence but was neither affirmed nor reversed on appeal due to the defendant's death.

*State v. Gleason*, 21-1788, p. 4 (La. 11/10/22), ___ So.3d ___, ___.

Accordingly, Defendant's appeal is dismissed, and the trial court is ordered to enter a notation in the record that the conviction removed Defendant's presumption of innocence but it was neither affirmed nor reversed on appeal due to Defendant's death.

**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.**